UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, in his official capacity as the Secretary of Commerce; et al.,<br><br>Defendants. | Civil Action No. 2:18-cv-03326-RMG<br>(Consolidated with 2:18-cv-3327-RMG)<br><br><br>REPLY TO PLAINTIFFS CITY OF BEAUFORT ET AL.'S RESPONSE TO MOTION TO INTERVENE |
| CITY OF BEAUFORT; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; et al.,<br><br>Defendants. | |

## I.  INTRODUCTION

None of the Plaintiffs in either of these two consolidated cases oppose the International Association of Geophysical Contractors, TGS-NOPEC Geophysical Company, CGG Services (U.S.) Inc., GX Technology Corporation, Spectrum Geo Inc., and WesternGeco LLC's request to intervene. Plaintiffs South Carolina Coastal Conservation League et al. also do not oppose the American Petroleum Institute's ("API") request to intervene. Accordingly, the only contested issue regarding Proposed Intervenors' motion to intervene involves the City of Beaufort et al.'s (collectively, the "Municipalities") solitary opposition to API's participation in this litigation. The Proposed Intervenors respectfully provide this reply to the Municipalities' response.

The Municipalities' opposition to API's intervention is baseless. The Municipalities provide only half-hearted, unexplained, and incorrect arguments in response to the *merits* of the motion to intervene. They fail to cite a single case and fail to submit any relevant evidence to rebut the sworn declaration of Erik Milito in support of API's intervention. Instead, the bulk of the Municipalities' response is focused on their opposition to a 2013 report by Quest Offshore commissioned (in part) by API regarding the potential economic benefits of offshore oil and gas development on the Atlantic coast. *See* Pls. Resp. to Mot. to Intervene at 2–4.[1] Although Proposed Intervenors disagree with the Municipalities' characterization of the 2013 Quest Offshore report, that report has no bearing on API's intervention in this lawsuit or on the issues to be decided in this litigation and, indeed, has only now been introduced into this litigation by the Municipalities themselves.[2]

The Proposed Intervenors therefore respectfully request that this Court grant their motion to intervene as of right, which is *unopposed* but for the Municipalities' unmeritorious opposition to API's intervention. For the reasons set forth in the motion to intervene and this reply, API, like the rest of the Proposed Intervenors, meets all of the relevant criteria for intervention under Rule 24.

---

[1] The Municipalities filed their response to the motion to intervene at docket 24 in case 2:18-cv-3327-RMG, which was administratively closed by the Court after the above-captioned cases were consolidated. *See* Dkt. 57. To avoid any confusion associated with references to filings that are part of the docket in the administratively closed case, this reply cites to the filings by name instead of docket number.

[2] The text of the 125-page document (the Municipalities' response only links to the Executive Summary) provides a detailed explanation of the methodology and assumptions used by Quest Offshore in preparing the report.

## II.  ARGUMENT

A.  **API has significant protectable interests in the authorizations at issue in this lawsuit, and the denial of intervention would impair API's ability to protect those interests.**

The Municipalities characterize API's interests in this case as "highly speculative, tenuous, and impractical," and assert that "API's interest will only actuate if there are surveys, if those surveys yield information that is useful to its members, and that information ultimately leads to a decision about whether to drill offshore for oil and gas." Pls. Resp. to Mot. to Intervene at 5. The Municipalities are wrong.

Contrary to the Municipalities' mischaracterizations, API's members have a significant and ongoing stake in the outcome of this litigation. As described in the motion to intervene and the Milito Declaration, API's members rely on the information provided by seismic surveys (including the planned surveys that are the subject of this lawsuit) to identify potential oil and natural gas deposits and to inform their business ventures. Mot. to Intervene at 6; Milito Decl. at ¶ 8. API and its members have a direct interest in obtaining up-to-date information about the potential oil and gas reserves of the Atlantic Outer Continental Shelf ("OCS"), which can only be accomplished if the incidental harassment authorizations challenged in this lawsuit are upheld. Mot. to Intervene at 9–10; Milito Decl. at ¶¶ 8–9. Moreover, because of its members' significant interests in oil and gas development in the OCS, API participated in numerous aspects of the public processes relating to the federal authorizations for the Atlantic OCS geophysical surveys at issue in this lawsuit, including the filing of detailed comments at numerous points in the regulatory processes over a five-year period. Milito Decl. at ¶ 10.

API's interests are therefore neither speculative nor dormant until the seismic surveys are completed, as the Municipalities claim. Because API's members "stand to gain or lose by the direct legal operation of the district court's judgment" on Plaintiffs' lawsuits, API has a

significant protectable interest which justifies its intervention. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

B.  **API's interests are not adequately represented by existing parties to the litigation.**

The Municipalities also contend, without a supporting explanation, that the individual company-permittees and the Federal Defendants will adequately represent API's interests in this litigation. Pls. Resp. to Mot. to Intervene at 5. The Municipalities are wrong again.

In determining whether to grant intervention as of right, the question is whether "the applicant's interest is not adequately represented by the *existing* parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (emphasis added). The company-permittees, like API, are Proposed Intervenors to this litigation and are not yet parties. And, in any event, the motion to intervene and Milito Declaration explain how the interests of API's members differ in certain respects from those of the other Proposed Intervenors, none of which is addressed by the Municipalities. *See* Mot. to Intervene at 9; Milito Decl. at ¶¶ 8–9 (explaining how the surveys will inform API's members' decisions regarding resource development in the OCS). Rather, the appropriate test is whether *the Federal Defendants* adequately represent API's interests. The motion to intervene explains at length how API's interests are considerably broader than those of the Federal Defendants, and the Municipalities offer no substantive response to that explanation. *See* Mot. to Intervene at 11–13. For those reasons, API meets this criterion for intervention.

C.  **API's intervention will not complicate or delay the proceedings in any way.**

Although the Municipalities do not contend that the motion to intervene is untimely, they do suggest that API's presence in this litigation "will only serve to complicate an already complex proceeding, in contravention with Rule 1." Pls. Resp. to Mot. to Intervene at 4. This argument is also meritless. The Proposed Intervenors plainly offered to "participate collectively

(i.e., they will make single filings on behalf of the group) in the interests of judicial efficiency and clarity of presentation." Mot. to Intervene at 3. Accordingly, API's participation in this lawsuit will not result in additional filings (other than this reply necessitated by the Municipalities' opposition) or otherwise complicate the litigation.

### III.  CONCLUSION

The Municipalities' policy disagreements with API over energy and resource development are irrelevant to the Proposed Intervenors' motion to intervene. That motion should be decided on the merits. As set forth above, in the motion to intervene, and in the supporting declarations, all of the Proposed Intervenors satisfy the standards for intervention under Rule 24(a) or, alternatively, Rule 24(b), and their motion should be granted in whole.

DATED:  January 11, 2019        Respectfully submitted,

  s/ Sean D. Houseal
Richard Morton, Fed. Id. No. 5442
Sean Houseal, Fed. Id. No. 7676
WOMBLE BOND DICKINSON (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202-6037
5 Exchange Street
Charleston, SC  29401
Telephone:  704-331-4993
            843-720-4622
Facsimile:   843-723-7398
Email: Ric.Morton@wbd-us.com
Email: Sean.Houseal@wbd-us.com

Ryan P. Steen, Admitted *Pro Hac Vice*
Jason T. Morgan, Admitted *Pro Hac Vice*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: 206-624-0900
Facsimile: 206-386-7500
Email: ryan.steen@stoel.com
        jason.morgan@stoel.com

*Counsel for Proposed Intervenor-Defendants*