**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| City of Beaufort, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL MARINE FISHERIES ) <br> SERVICE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> South Carolina Coastal Conservation League, ) <br> et al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Wilbur Ross, in his official capacity as the ) <br> Secretary of Commerce; et al., ) <br> ) <br> Defendants. ) | **No.: 2:18-cv-03326-RMG** <br> **(Consolidated with 2:18-cv-3327-RMG)** <br><br> **MOTION FOR LEAVE TO FILE** <br> **THIS RESPONSE** <br><br> **TO DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT** <br> **OF MOTION TO** <br> **STAY DEADLINE TO RESPOND** <br> **TO MOTION TO INTERVENE OF** <br> **STATE EX REL WILSON** <br><br> **IN CITY OF BEAUFORT v.** <br> **NATIONAL MARINE FISHERIES** <br> **SERVICE** |

The State ex rel Atty General Wilson respectfully moves for leave of Court to submit this response to Defendants' Supplemental Reply. The Defendants' Supplemental Reply fails to provide any reason sufficient to stay the response time to the State's Motion to Intervene.

The Defendants' reliance on the Bureau of Ocean Energy Management's agreement not to make a final permit decision on seismic testing before March 1, 2019, is patently inadequate. March 1 is just six weeks from today. Defendants want a stay until Department of Justice attorneys are permitted to resume their usual civil litigation functions, a date that is uncertain to the extent that it is tied to the restoration of funding. With the resumption of funding uncertain,

the possibility most certainly exists that DOJ lawyers would not be responding to the Motion to Intervene until shortly before or even after the March 1 deadline expires. Permits could be issued before the Defendants' respond or before the State has had the opportunity to reply to such a response. Time would then be needed for a ruling by the Court on the State's Motion to Intervene. Meanwhile, the clock would be running on the 30 days' notice requirement for permittees to begin seismic testing. (Cruickshank declaration at ¶9, ECF 72-1). As a result of this timing, the State, if allowed to intervene, could be left with little or no time to seek preliminary injunctive relief against the testing or to be heard regarding another party's motion.

The Defendants' filings regarding their Motion to Stay have already probably taken more of their time than a response to the Motion to Intervene would take. When they can address their Motion to Stay, they can address the State's Motion to Intervene. When BOEM is working, Department of Justice attorneys for the Defendants should be made available to the Courts also. The State of South Carolina and this Court should not have to wait on a response to the Motion to Intervene under these circumstances.

As an adjacent landowner to the United States, the State of South Carolina has important interests to protect in this litigation. With the prospect of Federal action in six weeks adverse to the State, the Federal Defendants should be directed to respond in no later than 14 days to the Motion to Intervene so that the State can participate fully in this litigation.

    Respectfully submitted,

    ALAN WILSON
    Attorney General
    Federal ID No.10457

    [Signature block continues next page]

2

ROBERT D. COOK
Solicitor General
Federal ID No. 285
Email: rcook@scag.gov

/s/ J. Emory Smith, Jr.
J. EMORY SMITH, JR.
Deputy Solicitor General
Federal ID No. 3908
Email: esmith@scag.gov

T. PARKIN C. HUNTER
Senior Assistant Attorney General
Federal ID No. 2018
Email: phunter@scag.gov

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677

January 18, 2019                          Counsel for the State ex rel Wilson

3