RECEIVED USDC
CLERK, CHARLESTON. SC
2019 JAN 18  AM 9: 52

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| South Carolina Coastal Conservation League; *et al.*, ) ) ) | Civil Action No. 2:18-cv-03326-RMG (Consolidated with 2:18-cv-3327-RMG) |
| Plaintiffs, ) ) | |
| v. ) ) ) | **ORDER GRANTING STAY AND ALL WRITS ACT INJUNCTION** |
| Wilbur Ross, in his official capacity as the Secretary of Commerce; *et al.*, ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court on the Motion for a Stay by Defendants Wilbur Ross, National Marine Fisheries Service and Chris Oliver (collectively "Federal Defendants"). (Dkt. No. 60.) The Federal Defendants seek a stay of the deadline for their response to the State of South Carolina's motion to intervene. (Dkt. No. 59.) For the reasons below, the Court grants the Federal Defendants' motion to stay and issues an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

## I.    Background

On December 11, 2018, two cases were filed challenging the decision of the National Marine Fisheries Service ("NMFS") to issue incidental harassment authorizations to five companies to conduct seismic airgun surveys for oil and gas in the coastal waters of the Mid- and South Atlantic Ocean. As alleged in the Complaint, as soon as the Bureau of Ocean Energy Management ("BOEM") issues permits to the five companies, they will be free to begin seismic

airgun surveys. (Dkt. No. 1 at ¶ 99.)[1] The Plaintiffs, nine environmental organizations, seek declaratory relief that the Defendants violated the Marine Mammal Protection Act ("MMPA"), the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). Plaintiffs further request that the Court vacate three agency actions authorizing the surveys and enjoin Defendants from authorizing takings of marine mammals incidental to the airgun surveys. On December 28, 2018, the Court granted a motion to consolidate this case with a related case, *City of Beaufort et al. v. National Marine Fisheries Service*, 2:18-cv-3327-RMG, brought by South Carolina municipalities. (Dkt. No. 57.)

On January 7, 2019, the State of South Carolina *ex rel.* Alan Wilson, Attorney General of South Carolina ("South Carolina"), moved to intervene in this case. (Dkt. No. 59.) The Federal Defendants, citing the lapse in appropriations for the Department of Justice and other agencies, including some of the Defendants named in this suit, requested a stay of the deadline for their response to South Carolina's motion to intervene. (Dkt. No. 60.) Previously, this Court stayed the Federal Defendants' response to the motion to intervene by the states of Maryland, Connecticut, Delaware, Maine, New Jersey, New York, North Carolina, Massachusetts and Virginia based on the lapse in appropriations. (Dkt. No. 53.)

The Federal Defendants' requested stay is for an indefinite period "commensurate with the duration of the lapse in appropriations." (Dkt. No. 59 at 2.) South Carolina, in response to the Federal Defendants' motion, argues that it has received no assurances that the BOEM, an agency within the Department of the Interior, will not act and issue permits during the shutdown, thereby

---

[1] The Federal Defendants filed a sworn declaration on January 17, 2019 from Walter D. Cruickshank, Acting Director of BOEM, in which he asserts that after any permit is issued by BOEM, the permittees will be required to give thirty days notice before initiating activity under the permits. (Dkt. No. 72-1 at ¶ 9).

potentially impacting South Carolina's interests should the permits issue before it is permitted to intervene in the case.   (Dkt. No. 61.)  On January 15, 2019, responding to a direction from this Court, the Federal Defendants represented that "due to the lapse in appropriations, the Department of the Interior will not be acting on pending permit applications for the seismic survey activity at issue in this case until funding is restored." (Dkt. No. 65.)  South Carolina filed a reply on January 16, 2019, noting that multiple news sources have reported that BOEM has since recalled workers to keep processing permits for oil and gas surveys, including off the Atlantic Coast. (Dkt. No. 66.) Responding to a direction from the Court to address South Carolina's concerns, the Federal Defendants filed a sur reply on January 17, 2019, admitting that while no final permit decision would be made immediately, the BOEM may "continu[e] to process the permit applications" during the lapse in appropriations and, regardless of the status of appropriations, may issue a permit decision as soon as March 1, 2019.  (Dkt. Nos. 72 at ¶ 4; 72-1 ¶7.)[2] The Federal Defendants' motion to stay is now ripe for review.

## II.    Discussion

The Federal Defendants are seeking an extraordinary remedy: to indefinitely stay their obligation to respond to lawsuits alleging multiple violations of federal environmental laws related to the proposed seismic testing of vast amounts of ocean waters extending from Delaware to Florida.  The Federal Defendants argue that this extraordinary remedy is justified by a lapse in funding since December 22, 2018, which has led to the furloughing of many critical employees in the agencies involved in this matter.   While the request of the Federal Defendants appears

_____

[2] The Department of Justice further stated in its January 17, 2019 filing that it "sincerely apologizes for the inadvertent mischaracterization of the status of work on permits in its previous filings and . . . greatly regrets any confusion caused by that filing." (Dkt. No. 72 at ¶ 2).  The Court regards the earlier representation to the Court to have been, at best, misleading, and admonishes counsel for the Federal Defendants to use greater care in making representations to the Court in the future.

reasonable under the circumstances, it would be inappropriate for the Federal Defendants to gain

an advantage from a stay or to allow Plaintiffs and petitioning intervenor states to be prejudiced

by a stay.  As the Fourth Circuit has recognized, albeit in a different context, "[o]ur system of law

universally frowns on a party who would use the stay as both a sword and a shield." *In re A.H.*

*Robins Co. Inc.*, 828 F.2d 1023, 1026 (4th Cir. 1987).  Therefore, the Court finds that while a stay

is warranted, the Court must also ensure that a stay does not thwart this Court's orders, jurisdiction,

and remedial powers.

The All Writs Act empowers a federal court to "issue all writs necessary or appropriate in

aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

§ 1651(a).  The Act enables a federal court to "issue such commands…as may be necessary or

appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise

of jurisdiction otherwise obtained[.]" *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98

S. Ct. 364, 372 (1977).  *In re Am. Honda Motor Co., Inc.*, 315 F.3d 417, 437 (4th Cir. 2003)

(same).[3]  Importantly, as the Supreme Court has held, "[t]he power conferred by the Act extends,

under appropriate circumstances, to persons who, though not parties to the original action or

engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the

proper administration of justice…and encompasses even those who have not taken any affirmative

action to hinder justice." *New York Tel. Co.*, 434 U.S. at 174 (citations omitted) (holding district

court had authority to order a company to provide technical assistance as refusal to do so would

frustrate a previously issued pen register order).

---

[3] It is well settled that the All Writs Act cannot independently confer original jurisdiction to federal courts. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33, 123 S. Ct. 366, 370 (2002).  Here, there is no doubt that the Court has federal question jurisdiction, as the case was brought pursuant to four federal statutes.

However, injunctions under the All Writs Act differ in important ways from injunctions issued under Rule 65 of the Federal Rules of Civil Procedure. Whereas injunctions under Rule 65 "are designed to preserve the status quo between the parties before the court pending a decision on the merits of the case," injunctions issued under the All Writs Act "are needed to prevent third parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it." *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 338 – 39 (2d Cir. 1985). Based on this distinction, the Fourth Circuit has recognized that, when not issuing a preliminary injunction, All Writs Act injunctions are not governed by Rule 65. *See Trull v. Dayco Prod., LLC*, 178 F. App'x 247, 251 (4th Cir. 2006) ("Defendants argue that the district court inappropriately used the All Writs Act to circumvent the requirements for preliminary injunctions contained in Rule 65 of the Federal Rules of Civil Procedure. We disagree."). *See also Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 257 n.2 (4th Cir. 2013) (All Writs Act injunctions are outside "framework governed by Fed. R. Civ. P. 65.") (Duncan, J., concurring in judgment).[4]

Similarly, an injunction issued pursuant to the All Writs Act to preserve a court's jurisdiction "is not subject to the four-factor balancing test ordinarily applicable to preliminary injunctions." *Bryan v. BellSouth Telecomm., Inc.*, No. CIV. 1:02CV00228, 2006 WL 1540644, at *3 (M.D.N.C. May 31, 2006) (citation omitted), *aff'd sub nom. Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231 (4th Cir. 2007). *See also In re Am. Honda Motor Co., Inc.*, 315 F.3d at 442 (4th Cir. 2003) (finding no abuse of discretion where district court did not consider traditional

---

[4] While courts have held that the preliminary injunction requirements of Rule 65 do not apply to All Writs Act injunctions, the Fourth Circuit has required comporting with the requirements of Rule 65(d) when issuing injunctions under the All Writs Act. *See Scardelletti v. Debarr*, 265 F.3d 195, 212 (4th Cir. 2001), *rev'd on other grounds, Devlin v. Scardelletti*, 536 U.S. 1, 122 S.Ct. 2005 (2002). This Order and Opinion comports with Rule 65(d) by detailing the reasons for the injunction, the terms with specificity, the acts restrained, and the persons bound.

four-prong analysis before issuing injunction under All Writs Act); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (stating that to obtain an All Writs Act injunction, a party "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior.").

This Court has already issued one Order granting a stay to the Federal Defendants (Dkt. No. 53), and now the Federal Defendants seek a second stay of this litigation (Dkt. No. 59). The Federal Defendants initially represented that the BOEM will not act on pending permit applications for the duration of the lapse in appropriations, but later stated that they may do so regardless of appropriations status as soon as March 1, 2018. (Dkt. Nos. 65; 72.) However, South Carolina has pointed to multiple news reports indicating that previously furloughed federal employees have been ordered to return to work during the lapse in funding to continue work on the very applications at issue in this litigation. On January 15, 2019, *E&E News*, a news organization that focuses on energy and environmental policy, reported that the Executive branch brought "employees back to work last Thursday to advance the...outer shelf five-year leasing plan," and that the work "includes conducting environmental review and finalizing seismic testing permits for energy exploration off the Atlantic coast."[5] On January 16, 2019, the *Post and Courier* reported that the administration "has called back Bureau of Ocean Energy Management workers...to keep processing offshore seismic testing permits in the Atlantic."[6] Most notably, South Carolina submitted the Bureau of Ocean Energy Management FY 2019 Contingency Plan. (Dkt. No. 67.)

---

[5] Kelsey Brugger, *Interior updates shutdown plan to push 5-year leasing policy,* E&E News PM, https://www.eenews.net/eenewspm/2019/01/15/stories/1060114899 (accessed January 17, 2019).

[6] Bo Petersen, *Trump orders offshore oil leasing work to continue despite shutdown*, Post and Courier, https://www.postandcourier.com/news/trump-orders-offshore-oil-leasing-work-to-continue-despite-shutdown/article_80800e90-199d-11e9-88ec-4be8ba471d25.html (accessed January 17, 2019).

The Plan, dated January 8, 2019, identifies "Atlantic G&G Environmental Assessment and permit work" as "[f]unded through carryover" because "[d]ue to the issuance of National Marine Fisheries Incidental Harassment Authorizations, BOEM has limited discretion in the timing of the decision for these permits." (*Id.* at 4.)

This reporting and BOEM publication presents the Court, the parties to this action and the petitioning intervenors a potentially untenable situation. While the Federal Defendants are certainly in need of a stay because they are subject to the lack of appropriations and are prohibited from working (Dkt. No. 60 at ¶ 2), the risk of prejudice to other litigants is substantial. It requires little imagination to realize that the returning BOEM employees could act on the pending applications and seismic testing could commence during the pendency of the stay, particularly if the Government shutdown should extend beyond March 1, 2019. In such a circumstance, the petitioning intervenor states would be powerless to respond since their motion to intervene has not been addressed by this Court because the Federal Defendants have been excused from their obligation to respond to those motions during the stay.

The power to enjoin agency actions to preserve a court's jurisdiction has long been recognized by the Supreme Court. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604, 86 S. Ct. 1738, 1742 (1966) ("[T]his Court 'ha[s] recognized a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels.... Such power has been deemed merely incidental to the courts' jurisdiction to review final agency action.'") (citations omitted). District courts have also issued injunctions to agencies to ensure the possibility of meaningful judicial review. *See Astrazeneca Pharm. LP v. Burwell*, 197 F. Supp. 3d 53, 56 (D.D.C. 2016) (issuing injunction under All Writs Act to Food and Drug Administration and holding that "[i]f the court may eventually have

-7-

jurisdiction of the substantive claim, the court's incidental equitable jurisdiction, despite the agency's primary jurisdiction, gives the court authority to impose a temporary restraint in order to preserve the status quo pending ripening of the claim for judicial review.") (citations and quotation omitted); *KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 676 F. Supp. 2d 649 (N.D. Ohio 2009) (restraining agency in Treasury Department from determining plaintiff was a global terrorist group under the All Writs Act in the alternative because "[a]llowing defendants to go forward with the designation process would interfere with the properly exercised jurisdiction of this court…" before the court could "proceed to address what remedies, if any, are appropriate.")

An injunction under the All Writs Act is necessary so this Court can properly assess what remedies, if any, the states seeking to intervene are entitled to should BOEM issue permits during the lapse in appropriations. The Federal Defendants' sur reply acknowledges that the permits may issue as soon as March 1, 2019, regardless of whether funds have been appropriated for the Federal Defendants. (Dkt. No. 72.) Should the BOEM issues these permits during the stay, as its own Contingency Plan indicates it may, the states moving to intervene would be directly impacted by the decision, with seismic testing potentially starting off their shores. However, as non-parties in this case, the states would be devoid of the opportunity to seek appropriate remedies. The proposed stay and the Federal Defendants' lack of response would prevent the Court from bringing the states into the case to vindicate their rights. This would divest this Court of jurisdiction to determine the entire matter at issue in this case. Further, should the five companies begin seismic airgun testing prior to the end of the shutdown, their actions will also affect this Court's power to assess irreparable harm in any future motion for a preliminary injunction. Their actions would therefore impact the effectiveness of the jurisdiction of this Court and would frustrate this Court's grant of a stay to the Federal Defendants.

-8-

In issuing the injunction, the Court considers the potential hardships to the parties and proposed intervenors. As noted above, without an injunction, the proposed intervenors would be prejudiced and left without redress if BOEM issues permits during the lapse in appropriations. The Federal Defendants argue that funding will likely be restored by March 1, 2019, avoiding any such problem. However, unless Department of Justice counsel are aware of a resolution date to the longest Government shutdown in American history that they have not shared with the Court, predicting the date of the restoration of funding falls within the category of rank speculation. While the risk of prejudice is considerable for the proposed intervenors without an injunction, there is less risk of hardship to the Federal Defendants by enjoining action on the applications at issue in this litigation until funding is restored, the Federal Defendants file a response to the pending motions to intervene, and the Court issues a decision on those motions.

Therefore, pursuant to the All Writs Act, the Court hereby **ENJOINS** the Federal Defendants, BOEM, and any other federal agency or entity from taking action to promulgate permits, otherwise approve, or take any other official action regarding the pending permit applications for oil and gas surveys in the Atlantic based on the five incidental harassment applications issued by the NMFS to Spectrum Geo Inc., TGS-NOPEC Geophysical Company, Inc., Ion GeoVentures (and subsidiary GX Technology Corporation), WesternGeco LLC and CGG. This injunction shall remain in effect until funds have been appropriated for the Department of Justice and all Federal Defendants, the Court has received the Federal Defendants' responses to the pending motions to intervene (Dkt. Nos. 34, 59), and the Court has ruled on those motions.[7] The Federal Defendants are **DIRECTED** to file a response to the pending motions to intervene

---

[7] The Court is also holding in abeyance until that time its ruling on the Motion to Intervene brought by the International Association of Geophysical Contractors, the American Petroleum Institute and the five companies that received the incidental harassment authorizations. (Dkt. No. 40.)

-9-

within thirteen (13) days of the restoration of funding to the Department of Justice and the Federal

Defendants, and other parties may file a reply if they wish within five (5) days thereafter.  The

Court will thereafter promptly rule on the pending motions to intervene.

As this injunction applies not only to the Federal Defendants, but also the Bureau of Ocean

Energy Management, the Clerk is directed to serve notice of this opinion and injunction to the

BOEM no later than January 18, 2019.  *See In re Baldwin-United Corp.*, 770 F.2d at 340 ("As for

notice the requirements of the All-Writs Act are satisfied if the parties whose conduct is enjoined

have actual notice of the injunction and an opportunity to seek relief from it in the district court.").

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 18, 2019
Charleston, South Carolina