UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., <br><br> Defendants. | Civ. No. 2:18-cv-3326-RMG <br><br> (Consolidated with No. 2:18-cv-03327-RMG) <br><br> **FEDERAL DEFENDANTS' RESPONSE TO MOTION TO INTERVENE OF THE STATES OF MARYLAND, CONNECTICUT, DELAWARE, MAINE, NEW JERSEY, NEW YORK, AND NORTH CAROLINA, AND THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA** |

Federal Defendants Wilbur Ross, in his official capacity as the Secretary of Commerce, the National Marine Fisheries Service, and Chris Oliver, in his official capacity as the Assistant Administrator for Fisheries, respond to the Motion to Intervene filed by the States of Maryland, Connecticut, Delaware, Maine, New Jersey, New York, and North Carolina, and the Commonwealths of Virginia and Massachusetts ("the States") (ECF 34). The States seek permissive intervention under Federal Rule of Civil Procedure 24(b). Federal Defendants have met and conferred with the States and do not oppose their participation in this lawsuit as intervenors as long as the Court requires them to abide by certain conditions on their intervention, to which the States have agreed.[1] To that end, Federal Defendants request that the Court impose three limited conditions, described below, that will streamline this litigation and promote judicial economy.

---

[1] In a February 1, 2019 email, counsel for the State of Maryland authorized counsel for Federal Defendants to represent that the States agree to the conditions discussed in this response.

1

Under Federal Rule of Civil Procedure 24(b), a district court may grant permissive intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts are "vested with substantial discretion to deny permissive intervention where inappropriate." *Shaw v. Hunt*, 154 F.3d 161, 168 (4th Cir. 1998); *see also Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) ("Typically, a decision to deny permissive intervention under Rule 24(b) lies within the sound discretion of the trial court.") (internal quotation marks and citation omitted). The Court's discretion extends to the imposition of limitations on the intervenors' participation. *See*, *e.g.*, Wright & Miller at al., 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) ("Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application. There are many reported instances in which conditions of this kind have been imposed."); *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. 9:12-610-RMG, 2012 WL 13008326, at *3 (D.S.C. Aug. 14, 2012) (granting permissive intervention, but on the condition that the intervenor was restricted to the issues and claims raised in the original complaint); *Backus v. South Carolina*, No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *3 (D.S.C. Feb. 8, 2012) (conditioning grant of permissive intervention on the condition that the intervenor comply with the existing scheduling order).

Here, Federal Defendants have requested, and the States have agreed, that the States will not assert claims beyond those asserted in the proposed complaint-in-intervention, which they have described in their motion as requesting relief that generally tracks the relief requested by the principal Plaintiffs, and requesting remedies that overlap substantially with the remedies requested by the principal Plaintiffs. ECF 34 at 4, 7. Federal Defendants understand that the

States would reserve their right to add claims against the Bureau of Ocean Energy Management ("BOEM") or BOEM-related entities or officials should BOEM ultimately issue permits to the five applicants who have permit applications pending before BOEM. Federal Defendants further have requested, and the States have agreed, that the States would abide by any scheduling orders entered by the Court, and, more specifically, any deadlines applicable to the Plaintiffs. Federal Defendants understand that, notwithstanding the foregoing, the States reserve their right to submit papers in support of any preliminary injunction motion filed prior to the Court's ruling on the States' motion to intervene. Finally, Federal Defendants have requested, and the States have agreed, that the States will agree to make good faith efforts to coordinate with the principal Plaintiffs in this action and any entities granted plaintiff-intervenor status in this action on briefs and filings submitted to the Court so that their submissions do not overlap and are not duplicative.

Therefore, Federal Defendants request that, if the Court is inclined to exercise its discretion and grant the States' motion, the Court also exercise its discretion to impose the agreed-upon conditions described herein, which will promote considerations of efficiency and judicial economy.

Respectfully submitted this 1st day of February, 2019.

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General
        Environment and Natural Resources Division
        SETH M. BARSKY, Chief
        MEREDITH L. FLAX, Assistant Chief

        By:   /s/ Alison C. Finnegan
        ALISON C. FINNEGAN, Trial Attorney
        JONELLE DILLEY, Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section

P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
Email: alison.c.finnegan@usdoj.gov
Email: Jonelle.Dilley@usdoj.gov

/s/ Marissa Piropato
MARISSA A. PIROPATO
Sr. Trial Attorney, MA Bar No. 651630
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0470
Fax: (202) 305-0506
Email: marissa.piropato@usdoj.gov

SHERRI A. LYDON
UNITED STATES ATTORNEY

By:     s/ Beth Drake
Beth Drake
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel: (803) 929-3061

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 1, 2019, I electronically filed the foregoing Federal Defendants' Response to Motion to Intervene of the States of Maryland, Connecticut, Delaware, Maine, New Jersey, New York, and North Carolina, and the Commonwealths of Massachusetts and Virginia with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                                    /s/ Alison C. Finnegan