UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CITY OF BEAUFORT, et al., | ) Civ. No. 2:18-cv-3326-RMG |
| Plaintiffs, | ) |
| | ) (Consolidated with 2:18-cv-3327-RMG) |
| v. | ) |
| | ) **FEDERAL DEFENDANTS' RESPONSE TO** |
| NATIONAL MARINE FISHERIES | ) **MOTION TO INTERVENE OF THE** |
| SERVICE, et al., | ) **STATE OF SOUTH CAROLINA** |
| | ) |
| Defendants. | ) |
| | ) |

## I.    INTRODUCTION

Federal Defendants, the National Marine Fisheries Service, Chris Oliver, in his official

capacity as the Assistant Administrator for Fisheries, and Wilbur Ross, in his official capacity as

the Secretary of Commerce, respond to the Motion to Intervene filed by the State of South

Carolina ("South Carolina") (ECF 59). South Carolina seeks to intervene as a matter of right

under Federal Rule of Civil Procedure 24(a) or, alternatively, permissive intervention under

Federal Rule of Civil Procedure 24(b). Federal Defendants have met and conferred with South

Carolina and requested that South Carolina agree to limited conditions on its participation in this

case that have been agreed to by the proposed intervenor states in *South Carolina Coastal*

*Conservation League, et al. v. Ross*, Case No. 2:18-cv-03326-RMG. With one exception, South

Carolina has declined Federal Defendants' request.[1] Therefore, while Federal Defendants do not

oppose South Carolina's participation in this lawsuit as an intervenor, they request that the Court

impose the conditions described herein so as to promote an orderly disposition of the litigation.

---

[1]   Federal Defendants requested that South Carolina abide by any scheduling order entered by
the Court and South Carolina has indicated that it will do so. *See* Exhibit A.

Specifically, Federal Defendants request that the Court impose three conditions that will streamline this litigation and promote judicial economy: (1) South Carolina limits its participation to claims asserted by the principal Plaintiffs; (2) South Carolina agrees to abide by any scheduling order set by the Court; and (3) South Carolina coordinates with principal Plaintiffs and other plaintiff-intervenors to synthesize briefing to avoid unnecessary redundancy.

## II.    FACTUAL BACKGROUND

This case concerns the issuance of incidental harassment authorizations ("IHAs") under the Marine Mammal Protection Act, 16 U.S.C. §§ 1361 et seq., by the National Marine Fisheries Service ("NMFS") to five companies seeking to conduct seismic activities in the Atlantic Ocean in a geographic area running from Delaware south to Cape Canaveral, Florida.  This case is one of two lawsuits challenging NMFS's issuance of the IHAs.  Plaintiffs in this lawsuit are coastal municipalities and the South Carolina Chamber of Commerce.  Compl., ¶¶ 11-28.  In the second lawsuit, the plaintiffs are environmental advocacy organizations.  *South Carolina Coastal Conservation League, et al. v. Ross*, Case No. 2:18-cv-03326-RMG.  The Court has consolidated the two cases, ECF 57, although South Carolina's motion makes clear that it seeks to intervene only in Case No. 18-cv-03327-RMG.

## III.    ARGUMENT

The Court has the discretion to impose conditions on South Carolina's intervention, whether it is allowed to intervene as of right or permissively.  The Court should exercise its discretion here to impose the conditions requested by Federal Defendants – that South Carolina be limited to the claims raised by the principal Plaintiffs and coordinate with the principal Plaintiffs and any other plaintiff-intervenors to avoid duplicative briefing.  These measures will promote judicial economy and the expeditious resolution of this litigation.

A court must allow intervention as of right upon timely motion if a movant demonstrates "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by the parties to the litigation." *Stuart v. Huff,* 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker,* 931 F.2d 259, 260–61 (4th Cir. 1991)); *see* Fed. R. Civ. P. 24(a)(2).  The Fourth Circuit has long held that "liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (citation omitted). Nevertheless, courts granting motions to intervene as of right may impose reasonable limitations on the intervenors' participation to ensure the efficient adjudication of the litigation.  *United States v. Duke Energy Corp*., 171 F. Supp. 2d 560, 565 (M.D.N.C. 2001) (citing *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may ... be placed on an intervenor of right and on an original party.")); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 122 (4th Cir. 1981) ("Even intervention of right may properly be made conditional by the exigencies of the particular case."); *Park v. McCabe Trotter & Beverly, P.C.*, No. 17-cv-657-RMG, 2018 WL 3543526, at *1 (D.S.C. July 23, 2018) ("Intervention may be limited to certain purposes."); *Bragg v. Robertson*, 183 F.R.D. 494, 497 (S.D. W.Va. 1998) (granting motion to intervene as of right but ordering the intervening parties to coordinate with the original plaintiffs to avoid duplication in their arguments, pleadings, filings, and memoranda where the proposed intervenors' legal positions or factual presentations are in accord); *cf. Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 974 F.2d 450, 470 (4th Cir. 1992) (noting that,

traditionally, a court could not impose conditions on parties' granted status as intervenors as of right, but declining to decide the issue).

Under Federal Rule of Civil Procedure 24(b), a district court may grant permissive intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts are "vested with substantial discretion to deny permissive intervention where inappropriate." *Shaw v. Hunt*, 154 F.3d 161, 168 (4th Cir. 1998); *see also Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) ("Typically, a decision to deny permissive intervention under Rule 24(b) lies within the sound discretion of the trial court.") (internal quotation marks and citation omitted). The Court's discretion extends to the imposition of limitations on the intervenors' participation. *See*, *e.g.*, Wright & Miller et al., 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) ("Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application. There are many reported instances in which conditions of this kind have been imposed."); *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. 9:12-610-RMG, 2012 WL 13008326, at *3 (D.S.C. Aug. 14, 2012) (granting permissive intervention, but on the condition that the intervenor was restricted to the issues and claims raised in the original complaint); *Backus v. South Carolina*, No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *3 (D.S.C. Feb. 8, 2012) (conditioning grant of permissive intervention on the condition that the intervenor comply with the existing scheduling order).

Here, South Carolina's proposed complaint-in-intervention asserts nine causes of action, only four of which (Counts 2 through 5) are shared with the principal Plaintiffs in this case. The remaining causes of action assert various common law theories of recovery that are not raised by

any other party or proposed intervenor, and have the potential to inject collateral issues and legally dubious theories into this record review case brought pursuant to the Administrative Procedure Act.  *See* ECF 59-1 (Counts 1 ("Lack of authority of NMFS as to lands affected by ultra vires Order 13795"), 6 ("Common Law Public Nuisance"), 7 ("Trespass"), 8 ("Outer Continental Shelf Lands Act"), and 9 ("Admiralty")).  If South Carolina were permitted to intervene in this lawsuit, while seeking relief through these additional theories, there is significant risk that its status as an intervenor would complicate and prolong the disposition of this lawsuit.  *Stuart*, 706 F.3d at 355; *see Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016) (the district court should remain attuned to the two conflicting goals of intervention, *i.e.*, "to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending") (quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc)); Wright & Miller et al., 7C Fed. Prac. & Proc. Civ. § 1922 (discussing court's ability to impose conditions when granting intervention as of right and permissive intervention).

"[A]s a general rule, intervenors are limited to the claims already at issue in a case in which they are allowed to intervene."  *White Earth Nation v. Kerry*, No. 14-cv-4726 (MJD/LIB), 2015 WL 12778751, at *6 (D. Minn. Jan. 23, 2015) (collecting cases); *see Newport News Shipbuilding*, 646 F.2d at 122 ("Generally speaking, an intervenor is held to take the case as he finds it[.]").  In *White Earth Nation*, 2015 WL 12778751, at *6, the district court relied on this "general rule" to limit the intervenor as of right to the claims and defenses currently at issue in the case, subject to subsequent stipulation of the parties or leave of the Court to amend.  *See also Clearwater Cty., Idaho v. U.S. Forest Serv.*, No. 3:13-cv-519-EJL, 2016 WL 1698265, at *3 (D. Idaho Apr. 27, 2016) (granting motion to intervene as of right subject to conditions, including

confining intervenors to the issues raised in the complaint and directing them to avoid collateral arguments so as not to unduly multiply or delay the proceedings).

Here, Federal Defendants request that (1) South Carolina be limited to asserting only the same claims as those raised by the principal Plaintiffs, and (2) South Carolina coordinate with the principal Plaintiffs and any other entities granted plaintiff-intervenor status on briefs submitted to the Court so that their submissions do not overlap and are not duplicative. *See also* n.1, *supra.* These are limited measures, requested to streamline the litigation and ensure an orderly disposition of the case, and consistent with the proposition that South Carolina should take the case as it finds it. *See Newport News Shipbuilding*, 646 F.2d at 122.

## IV.    CONCLUSION

Therefore, Federal Defendants request that, if the Court is inclined to grant South Carolina's motion, the Court also impose the conditions described herein, which will promote considerations of efficiency and judicial economy.

Respectfully submitted this 1st day of February, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

By:  /s/ Alison C. Finnegan
ALISON C. FINNEGAN, Trial Attorney
JONELLE DILLEY, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
Email: alison.c.finnegan@usdoj.gov
Email: Jonelle.Dilley@usdoj.gov

/s/ Marissa Piropato
MARISSA A. PIROPATO
Sr. Trial Attorney, MA Bar No. 651630
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel | (202) 305-0470
Fax | (202) 305-0506
Email: marissa.piropato@usdoj.gov

SHERRI A. LYDON
UNITED STATES ATTORNEY

By: _s/ Beth Drake_____
Beth Drake
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel: 803.929.3061

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 1, 2019, I electronically filed the foregoing Federal Defendants' Response to Motion to Intervene of the State of South Carolina with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

 /s/ Alison C. Finnegan
