**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| City of Beaufort, City of Charleston, City of Folly Beach, City of Isle of Palms, City of North Myrtle Beach, South Carolina Small Business Chamber of Commerce, Town of Bluffton, Town of Briarcliffe Acres, Town of Edisto Beach, Town of Hilton Head Island, Town of James Island, Town of Kiawah Island, Town of Mount Pleasant, Town of Pawley's Island, Town of Port Royal, Town of Seabrook Island, Town of Awendaw,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, CHRIS OLIVER, in his official capacity as the Assistant Administrator for Fisheries, and WILBER ROSS, in his official capacity as the Secretary of Commerce,<br><br>Defendants. | No.: 2:18-cv-03326-RMG<br>(Consolidated with 2:18-cv-3327-RMG)<br><br>**REPLY**<br>**TO FEDERAL DEFENDANTS'**<br>**RESPONSE TO**<br>**MOTION TO INTERVENE OF**<br>**STATE OF SOUTH CAROLINA,**<br>**EX REL**<br>**ALAN WILSON, ATTORNEY**<br>**GENERAL** |

The Federal Defendants do not oppose the intervention of the State ex rel Wilson as a matter of right or with permission, but they seek to constrain the State's participation to the Plaintiffs' existing claims. Intervention should be granted, and the additional claims should be allowed as discussed below.

The additional causes of action in the State's proposed complaint are all related to the claims in the original complaint that the proposed seismic testing would be contrary to the law and harmful to the interests of the Plaintiffs, which would therefore, be harmful to the State of

South Carolina.   "If allowed to intervene, the State will demonstrate that,  to its knowledge, there has been no leasing or seismic testing in the South Atlantic at least since 1982. Moreover, we will demonstrate that the previous Administration removed the South Atlantic from leasing until 2022 and that it rejected seismic testing in the area, consistent with such removal.  The State will also seek to add the Bureau of Ocean Energy Management as a defendant, but the addition of BOEM is a logical outgrowth of this matter, and the agency is already subject to an injunction of this Court because it controls the issuance of any applicable permits.  Dkt. No. 75, Order, January 18, 2019.

This Court has recognized that "[i]ntervention may be limited to certain purposes" and cited and quoted the statement in *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 122 (4th Cir. 1981) that"[e]ven intervention of right may properly be made conditional by the exigencies of the particular case.". . . . *Park v. McCabe Trotter & Beverly, P.C.*, No. 2:17-CV-657-RMG, 2018 WL 3543526, at *1 (D.S.C. July 23, 2018); however, in *Park*, the intervenor was moving to intervene only in order to address a motion for summary judgment and the Court limited the party accordingly.  In the instant case, the State has not imposed such a limitation on its participation, and the conditions in *Park* are of a different nature from those the Federal Defendants request here.

Wright and Miller believe that a Court must allow new claims if intervention is by right. § 1922 Conditions on Intervention, 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.).  As stated therein:

> Nevertheless several courts have shown a willingness . . . to allow the imposition of conditions on an intervenor of right.  So long as these conditions are reasonable and are of a housekeeping nature, this view is likely to prevail.  It seems very doubtful, however, that the court has the right to make significant inroads on the standing of an intervenor of right; in particular, it should not be allowed to limit the intervenor in the assertion of counterclaims or other new claims. [footnotes omitted].

See also, 7C Fed. Prac. & Proc. Civ. § 1921 (3d ed.).[1]  Because the State has established that it is entitled to intervene as a matter of right, and the Federal Defendants do not contest intervention, the State should be allowed to assert additional claims.

Even if intervention here is by permission, the State should be allowed to assert new claims.  As this Court has recognized, "[i]n granting a party permissive intervention status, a District Court may condition that intervention on limiting the issues which may be raised by the intervening party and otherwise place reasonable restrictions on the scope of the litigation." *Savannah Riverkeeper v. United States Army Corps of Engineers*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012).  The Court found that "[t]he proposed. . . complaint [in intervention] . . . would vastly expand the factual and legal issues in dispute in [that] litigation and cause undue delay and prejudice to the original parties seeking a rapid adjudication of the South Carolina Pollution Control Act issue." *Id.* No such problems would occur in the instant case.  The State's proposed additions to the suit would not prejudice the other parties or delay this litigation.  The State ex rel Wilson could bring a separate action asserting these claims but doing so would not contribute to judicial economy.

The Federal Defendants cite *White Earth Nation v. Kerry*, No. 14-CV-4726 (MJD/LIB), 2015 WL 12778751, at *7 (D. Minn. Jan. 23, 2015) as limiting the intervenor to the existing claims and defenses, but the intervention was only "<u>initially</u> limited (emphasis added)" and the Court noted that the intervenor had not indicated that it intended to assert new claims or

---

[1] "The extended analysis presented in this section leads ultimately to two very simple rules—and in these technical matters of procedure simplicity is a virtue in itself. Rules 13(a) and (b) apply with full force to an intervenor of right under Rule 24(a), but it is in the discretion of the court whether to allow the assertion of any counterclaim by one who seeks permissive intervention under Rule 24(b)." *Id.*

3

defenses. Other cases have allowed intervening parties to raise additional issues. As stated in *Jones v. Blinziner*, 536 F. Supp. 1181, 1188–89 (N.D. Ind. 1982):

> Although the amended motion [to intervene] was filed after the hearing on preliminary injunction, it will not unduly delay or prejudice the interests of the parties to the original action. Further, the fact that the amended motion raises another issue not presented by the original complaint does not require the court to deny intervention. The additional issue raised by intervening plaintiffs is closely related to the issues raised in the original complaint and the disposition of that issue will avoid the multiplicity of suits without prejudicing the parties. The court, in its sound discretion, hereby GRANTS the Amended Motion to Intervene.

Just as the Court concluded in *Equal Employment Opportunity Comm'n v. LFC Agric. Servs., Inc.*, No. 209CV636FTM29DNF, 2010 WL 11623026, at *2 (M.D. Fla. Jan. 12, 2010), "[a]lthough the Intervenors are bringing claims under additional statutes, there are a common set of facts surrounding all of the claims. This case has just begun and there is no prejudice to the Defendants to allow these additional claims." *See also, E.E.O.C. v. Beverly Enterprises-Missouri, Inc.,* No. 4:98CV1579 RWS, 1999 WL 797981, at *3 (E.D. Mo. July 15, 1999)("the Court finds that [Intervenor's] §1981 claim and the underlying action share common questions of law or fact."); *E.E.O.C. v. Glacier Nw., Inc.*, No. C07-1530JLR, 2007 WL 3129651, at *1 (W.D. Wash. Oct. 23, 2007)(The Court disagreed that intervenor's proposed "hostile work environment claims do not share a common question of law or fact with the main action.").

This case is at a very early stage, the State's current and proposed claims are consistent with the current claims in this suit, and they would not cause a delay and would instead contribute to judicial economy. They should be allowed.

The Federal Defendants also request that the State be required to coordinate with the Plaintiffs and any other intervenors to avoid duplication. Of course, the State will try to avoid restating the same arguments as other parties, but the State should not be restricted by Plaintiffs' request from presenting its case as it deems most appropriate.

4

For the foregoing reasons, the State ex rel Wilson respectfully requests that its Motion to Intervene be granted without the limitations that the Federal Defendants seek.

Respectfully submitted,

ALAN WILSON
Attorney General
Federal ID No.10457

ROBERT D. COOK
Solicitor General
Federal ID No. 285
Email: rcook@scag.gov

/s/ J. Emory Smith, Jr.
J. EMORY SMITH, JR.
Deputy Solicitor General
Federal ID No. 3908
Email: esmith@scag.gov

T. PARKIN C. HUNTER
Senior Assistant Attorney General
Federal ID No. 2018
Email: phunter@scag.gov

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677

February 4, 2019                                          Counsel for the State ex rel Wilson

5