UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CITY OF BEAUFORT, et al., ) | |
| ) | Civ. No. 2:18-cv-3326-RMG |
| Plaintiffs, ) | |
| ) | (Consolidated with 2:18-cv-3327-RMG) |
| v. ) | |
| ) | **FEDERAL DEFENDANTS' MOTION ON** |
| NATIONAL MARINE FISHERIES ) | **BEHALF OF BUREAU OF OCEAN** |
| SERVICE, et al., ) | **ENERGY MANAGEMENT FOR** |
| ) | **CLARIFICATION OF THE COURT'S** |
| Defendants. ) | **ORDER GRANTING STAY AND ALL** |
| ) | **WRITS ACT INJUNCTION (ECF No. 75)** |
| ) | |

On behalf of the Bureau of Ocean Energy Management ("BOEM"),[1] Federal Defendants seek clarification of this Court's January 18, 2019 Order, ECF No. 75 ("Order"), enjoining "Federal Defendants, BOEM, and any other federal agency or entity from taking action to promulgate permits, otherwise approve, or take any other official action regarding the pending

---

[1] To the extent that the Court deems it necessary, BOEM also moves for limited intervention for the purpose of seeking clarification on the scope of the January 18 Order. Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right if "the applicant can demonstrate: (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker,* 931 F.2d 259, 260-61 (4th Cir. 1991) (citation omitted). Here, BOEM satisfies all three elements of this test, and is therefore entitled to limited intervention. First, BOEM has an interest in the subject matter of this action because Plaintiffs challenge seismic survey testing in the Atlantic Outer Continental Shelf ("OCS") and BOEM is the agency charged by statute with processing the permits for any such testing. Moreover, the January 18 Order specifically enjoins BOEM. Second, BOEM's interest in carrying out its statutory mandate to review and process OCS permits for seismic survey testing is impaired because BOEM has stopped its environmental analyses and other preparatory work for the pending permit applications in light of the Order. Third, Federal Defendants are charged with administering different statutory mandates and their interests, although coextensive with that of BOEM, are sufficiently distinct to warrant BOEM's intervention to allow it to seek clarification of the Order.

permit applications for oil and gas surveys in the Atlantic based on the five incidental harassment applications issued by the NMFS . . . [until] the Court has ruled on [the pending] motions [to intervene (Dkt. Nos. 34, 59)]." Order at 9. Because BOEM is unsure as to the scope of the injunction issued, BOEM immediately ceased all preparatory work related to the subject pending survey permit applications upon receipt of the Court's Order, and will continue to do so pending clarification from the Court. Decl. of W. Cruickshank (02/05/2019) ¶ 4.[2]

Federal Defendants seek clarification of whether the Order—and its prohibition on actions "promulgat[ing]," "approving" or taking "other official actions" on the pending survey permit applications—was broadly intended to enjoin environmental studies and other preparatory work, or was instead more narrowly intended to enjoin BOEM from taking final agency action in the form of a final determination on the pending survey permit applications. Two grounds support reading the Order as only prohibiting BOEM from taking final agency action. First, the Court's "power to enjoin agency actions to preserve [its] jurisdiction" in this case need only extend to final action on the applications rather than preparatory work by the agency. Order at 7. Second, there will be no intervening prejudice to proposed intervenors if BOEM were allowed to proceed with preparatory activities. Federal Defendants therefore respectfully seek clarification whether BOEM may proceed with preparatory work activities on the pending survey permits.

Pursuant to LRCP 7.02, on January 31, 2019, counsel for the Federal Defendants conferred with opposing counsel and proposed intervenors. Counsel for Plaintiffs City of Beaufort, et al., responded that they reserve their right to respond. Counsel for Plaintiffs South Carolina Coastal

---

[2] Federal Defendants file this motion for clarification shortly after filing their responses to the States' pending motions to intervene. In accordance with the Court's Order, should the Court rule on the motions to intervene, the injunction will no longer be in force, and Federal Defendants will no longer require clarification from the Court.

Conservation League, et al., responded that they take no position. Counsel for proposed intervenors International Association of Geophysical Contractors, et al., responded that they have no objection. Counsel for proposed intervenors State of Maryland, et al., and counsel for proposed intervenor State of South Carolina responded that they also reserve their positions.

## BACKGROUND AND ARGUMENT

The Court's stated reasons for issuing the January 18, 2019 Order were to prevent prejudice to the proposed intervenors while their motions to intervene were stayed during the recent partial lapse in government appropriations and to ensure the effectiveness of the Court's jurisdiction. Order at 9 ("without an injunction, the proposed intervenors would be prejudiced and left without redress if BOEM issues permits during the lapse in appropriations."); *id.* at 7 ("substantial. . . risk of prejudice" to the other litigants if BOEM "act[s] on the pending applications and seismic testing . . . commence[s] during the pendency of the stay" because "the petitioning intervenor states would be powerless to respond since their motion to intervene has not been addressed by this Court because the Federal Defendants have been excused from their obligation to respond to those motions during the stay."); *id.* at 8 (noting that allowing seismic testing to proceed before the Court adjudicated the State of South Carolina's intervention motion would "impact the effectiveness of the jurisdiction of this Court and would frustrate this Court's grant of a stay to the Federal Defendants"). However, none of BOEM's preparatory work activities would have the effect of prejudicing the proposed intervenor states or impacting this Court's jurisdiction.

BOEM's proposed preliminary analysis and processing include: (a) completion of its analysis under the Outer Continental Shelf Lands Act ("OCSLA") and implementing regulations (30 C.F.R. part 551); (b) preparation of environmental reviews in compliance with the National Environmental Policy Act ("NEPA"); (c) analysis of the proposed activities for compliance with other applicable regulatory and statutory requirements; and (d) drafting (but not finalizing)

decision memoranda, environmental analyses, and necessary permit conditions of approval that would need to be in place before BOEM makes a final decision on the pending permit applications. Decl. of W. Cruickshank (02/05/2019) ¶ 5. Allowing this preparatory activity during the duration of the stay is legally appropriate and consistent with the Order for at least two reasons.

First, in compliance with the Order, BOEM will not issue its final determination on the pending survey permit applications until the Court rules on the pending motions to intervene, alleviating any potential prejudice to proposed intervenors.[3] Decl. of W. Cruickshank (02/05/2019) ¶¶ 6-7. Furthermore, all parties, including parties granted intervention, will have an opportunity to seek relief from the Court after permit issuance. No seismic surveys can commence without a permit from BOEM. 30 C.F.R. § 551.4. Nor would survey activities immediately commence upon permit issuance because, if BOEM ultimately issues any survey permits, BOEM will require, as a condition of approval, that the permittee submit a notice to BOEM announcing when the permittee plans to initiate survey activities. Decl. of W. Cruickshank (01/17/2019) ¶ 9. The permittee must submit the notice at least 30 days prior to conducting any activities under the permit. *Id*. Thus, BOEM's ongoing preparatory work would not directly impact proposed intervenors because no permit will be issued until after the Court rules on the motions to intervene, and the parties will have a minimum of 30 days after any permits issue to seek redress.

Second, enjoining preparatory activities while the intervention motions are pending is not necessary to maintain the Court's jurisdiction. As stated above, BOEM will comply with the Court's Order regarding the timing of its final determination on the pending permit applications. Thus, it will not approve any survey permits — and, by extension, no survey activity can commence — in the interim. Decl. of W. Cruickshank (02/05/2019) ¶¶ 6-7. Clarifying the Order

---

[3] Federal government appropriations have been restored effective January 25, 2019.

- 4 -

so that BOEM may continue preparatory work on the pending permit applications will not impede the Court's ability to hear the proposed intervenors' motions or their opportunity to seek relief from the Court. Consequently, granting this motion is consistent with the Supreme Court law recognizing that injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances. *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001); *see also Ohio Citizens for Responsible Energy, Inc. v. Nuclear Regulatory Comm'n,* 479 U.S. 1312, 1313 (1986); *Wis. Right to Life. v. Fed. Election Comm'n,* 542 U.S. 1305, 1306 (2004); *KindHearts for Charitable Humanitarian Dev. v. Geithner*, 676 F. Supp. 2d 649, 655 (N.D. Ohio 2009).[4]

Tailoring the Court's January 18 Order so as to allow preparatory activities (but not a final determination on the pending permit applications) during the stay is also consistent with the principle that "[t]he powers of the federal courts under the All Writs Act are not unlimited," *United States v. Venneri*, 782 F. Supp. 1091, 1094 (D. Md. 1991), and injunctive relief generally "should be tailored to restrain no more than what is reasonably required to accomplish its ends." *Nat'l Audubon Soc'y v. Dep't of Navy,* 422 F.3d 174, 201 (4th Cir. 2005) (quoting *S.C. Dep't of Wildlife & Marine Res. v. Marsh*, 866 F.2d 97, 100 (4th Cir. 1989)); *see also United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise

---

[4] By filing this motion for clarification, Federal Defendants are not waiving any rights to contest the propriety of the use of the All Writs Act in this case, including the question of whether a court issuing an injunction under the All Writs Act must consider the four equitable factors for injunctive relief as set forth by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) and *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 32 (2008). *See In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 769–70 (7th Cir. 2017) (Rule 65 and the traditional injunction factors apply to injunctions issued under the All Writs Act); *Fla. Med. Ass'n v. US Dep't of Health, Educ. & Welfare*, 601 F.2d 199, 202 (5th Cir. 1979) (same).

obtained."); *United States v. Int'l Bhd. of Teamsters,* 266 F.3d 45, 50-51 (2d Cir. 2001). Allowing the preparatory activities described by BOEM to proceed is consistent with the Court's expressed concerns of avoiding prejudice to the proposed intervenors and preserving the Court's jurisdiction. As discussed above, BOEM's review work of the pending survey permit applications includes completing its analysis under OCSLA and implementing regulations at 30 C.F.R. part 551, preparation of environmental analyses in compliance with NEPA, and drafting (but not finalizing) decision memoranda, environmental analyses, and necessary permit conditions of approval that would need to be in place before BOEM makes a final decision on the pending permit applications. Decl. of W. Cruickshank (02/05/2019) ¶ 5. This standard preparatory work is not normally subject to judicial review because it is not final agency action. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting in case assessing the All Writs Act that "decisions of this Court 'have recognized a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels. 'Such power has been deemed merely incidental to the courts' jurisdiction to review final agency action.'" (*quoting Arrow Transp. Co. v. S. Ry. Co.*, 372 U.S. 658, 671, n. 22 (1963)). Moreover, allowing BOEM to continue this work during the injunction would mean that the Order would "impinge as little as possible on [BOEM's] normal practices and the normal operation of the statute and regulations, while protecting [the proposed intervenors'] right to be heard before it is too late to avoid significant injury." *AstraZeneca Pharm. v. Burwell*, 197 F. Supp. 3d 53, 58 (D.D.C. 2016).

## CONCLUSION

For these reasons, Federal Defendants request that the Court grant their motion for clarification of the Order to specifically allow the Bureau of Ocean Energy Management to resume its preparatory work on the pending survey permit applications.

Respectfully submitted this 6th day of February, 2019.

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief


/s/ *Jonelle M. Dilley*
JONELLE M. DILLEY, Trial Attorney
ALISON C. FINNEGAN, Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 305-0431
Facsimile: (202) 305-0275
jonelle.dilley@usdoj.gov
alison.c.finnegan@usdoj.gov

/s/ *Marissa Piropato*
MARISSA A. PIROPATO
Sr. Trial Attorney, MA Bar No. 651630
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel | (202) 305-0470
Fax | (203) 305-0506
Email: marissa.piropato@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2019, I electronically filed the foregoing Federal Defendants' Motion On Behalf Of Bureau Of Ocean Energy Management For Clarification of the Court's Order Granting Stay and All Writs Act Injunction (ECF No. 75) with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                       */s/ Jonelle M. Dilley*