UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CITY OF BEAUFORT, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | Civ. No. 2:18-cv-3326-RMG<br><br>(Consolidated with 2:18-cv-3327-RMG)<br><br>**DECLARATION OF**<br>**WALTER D. CRUICKSHANK** |

I, Walter D. Cruickshank, declare as follows:

1. I currently serve as the Acting Director of the Bureau of Ocean Energy Management (BOEM), in the United States Department of the Interior. I have been employed with BOEM or its predecessor agencies for over 30 years. I have served as the BOEM Deputy Director since 2002; I have served as Acting Director of BOEM for the last 2 years.

2. On January 17, 2019, in support of Federal Defendants' Supplemental Reply In Support Of Motion To Stay (Docket No. 72), I submitted to this Court a Declaration regarding the status of BOEM's processing of geological and geophysical (G&G) permit applications for survey activities proposed off the Atlantic Coast. Five of the pending G&G permit applications at BOEM are the

1

same proposed surveys for which the National Marine Fisheries Service (NMFS) issued incidental harassment authorizations (IHAs); those IHAs are the subject of this case. Neither BOEM nor the U.S. Department of the Interior are parties to this case. To avoid repeating the information in my January 17 Declaration, I am incorporating the relevant information in that document by reference here.

3. On January 18, 2019, this Court issued an order staying certain deadlines and an injunction under the All Writs Act (28 U.S.C. § 1651(a)) enjoining "the Federal Defendants, BOEM, and any other federal agency or entity from taking action to promulgate permits, otherwise approve, or take any other official action regarding the pending permit applications for oil and gas surveys in the Atlantic based on the five incidental harassment applications issued by the NMFS . . . ." Jan. 18, 2019 Order at p. 9. As stated in the order, "[t]his injunction shall remain in effect until funds have been appropriated for the Department of Justice and all Federal Defendants, the Court has received the Federal Defendants' responses to the pending motions to intervene, and the Court has ruled on those motions." *Id.* (internal citations omitted).

4. On January 18, 2019, I received a copy of the Court's order. Although I was unsure about whether the order enjoined processing the permit applications or whether it only enjoined permit issuance, I nevertheless acted on a broad interpretation of the order and directed BOEM staff to cease preparatory work on

the pending permit applications. Giving effect to the Court's Order, BOEM staff stopped work on processing the permits and have not worked on the permits since that time.

5.  BOEM still has a considerable amount of preparatory work before it makes final decisions on the Atlantic G&G permit applications for which IHAs are being challenged by Plaintiffs in this case (i.e., approval, denial, or approval with modifications). For example, BOEM will need additional time to complete its analysis under the Outer Continental Shelf Lands Act and implementing regulations (30 C.F.R. part 551). This process involves the preparation of environmental reviews in compliance with the National Environmental Policy Act (NEPA). BOEM's environmental review process for the Atlantic G&G permit applications will analyze the proposed activities considering other applicable regulatory requirements to which the Atlantic G&G permit applications are subject under other Federal statutes (e.g., Coastal Zone Management Act, the Marine Mammal Protection Act). BOEM's preparatory work will also include drafting – but not finalizing – decision memoranda for the permit applications, environmental analyses, and necessary permit conditions of approval that would need to be in place prior to making final decisions on the Atlantic G&G permit applications (e.g., drafting of a decision memorandum, developing permit conditions necessary to satisfy BOEM's obligations under the Endangered Species Act). The activities I

have described in this paragraph reflect standard preparatory work in assessing survey permit applications and the types of activities BOEM will engage in if the Court were to clarify that the January 18, 2019 Order allows BOEM to continue processing the five pending permit applications for which IHAs are being challenged by Plaintiffs in this case.

6. Only after BOEM completes the preparatory work described in paragraph 5, would BOEM make final decisions about the permit applications and take a final action. BOEM makes its final decision by completing a final NEPA determination (e.g., a Record of Decision or Finding of No Significant Impact), issuing any necessary decision memoranda about the pending application, and, if appropriate, issuing the permit. If the Court were to clarify that its January 18, 2019 Order allows BOEM to continue the processing activities described in paragraph 5, BOEM will not complete the final steps for permit issuance I have described in this paragraph until after the Court rules on the intervention motions, as required by the Court's order.

7. Thus, BOEM requested the U.S. Department of Justice to seek clarification of the January 18, 2019 Order to determine if continued preparatory work, but no final agency action, would comport with the January 18 Order. Pending that clarification, BOEM staff will refrain from engaging in preparatory work on the pending Atlantic G&G permit applications.

The foregoing is based upon my personal knowledge. If called upon, I could testify competently to the matters set forth above.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this __5__th date of February, 2019, in Washington, D.C.

WALTER D. CRUICKSHANK
Acting Director
Bureau of Ocean Energy Management