**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| South Carolina Coastal Conservation League; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Wilbur Ross, in his official capacity as the Secretary of Commerce; *et al.*,<br><br>Defendants. | Civil Action No. 2:18-cv-03326-RMG<br>(Consolidated with 2:18-cv-3327-RMG)<br><br>**ORDER** |

This matter is before the Court on the Motions to Intervene (Dkt. Nos. 34, 59) by the States of Maryland, Connecticut, Delaware, Maine, New Jersey, New York, North Carolina, South Carolina and the Commonwealths of Massachusetts and Virginia (collectively, "Proposed Intervenor States"). For the reasons below, the Court grants the motions.

### I.   Background

On December 11, 2018, two cases were filed challenging the decision of the National Marine Fisheries Service ("NMFS") to issue incidental harassment authorizations ("IHAs") to five companies to conduct seismic airgun surveys for oil and gas in the coastal waters of the Mid- and South Atlantic Ocean. As alleged in the Complaint, once the Bureau of Ocean Energy Management ("BOEM") issues permits to the five companies, they will be able to begin seismic airgun surveys. (Dkt. No. 1 at ¶ 99.) The Plaintiffs, nine environmental organizations ("Organization Plaintiffs"), seek declaratory relief that the Defendants violated the Marine Mammal Protection Act ("MMPA"), the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). Plaintiffs further request that the Court vacate three agency actions authorizing the surveys and enjoin

Defendants from authorizing takings of marine mammals incidental to the airgun surveys. On December 28, 2018, the Court granted a motion to consolidate this case with a related case, *City of Beaufort et al. v. National Marine Fisheries Service*, 2:18-cv-3327-RMG,[1] brought by sixteen South Carolina municipalities and the South Carolina Small Business Chamber of Commerce ("Municipality Plaintiffs"). (Dkt. No. 57.) On January 18, 2019, during a lapse in Government funding, the Court issued an injunction under the All Writs Act, enjoining the Federal Defendants and BOEM from taking official action on the pending permit applications until the Court ruled on these motions to intervene. (Dkt. Nos. 34, 59, 75.)

The Proposed Intervenor States are ten states situated along the Atlantic coast who allege that their coastal economies will be harmed by the issuance of the IHAs and any permits. (Dkt. Nos. 34, 59.) The Federal Defendants do not oppose the intervention of any of the ten states, but propose three conditions: 1) that the Proposed Intervenor States not assert claims beyond the relief requested by the Plaintiffs;[2] 2) the Proposed Intervenor States abide by any scheduling orders issued by this Court, and; 3) the Proposed Intervenor States make a good faith effort to coordinate filings with the Plaintiffs to avoid duplication. (Dkt. No. 107, 108.) Except for South Carolina, every other Proposed Intervenor State agreed to these conditions. (Dkt. No. 107.) South Carolina agrees to abide by any scheduling order, and represents that it will attempt to "avoid restating…arguments" from the other parties as well. (Dkt. No. 110.) However, most notably, while the other Proposed Intervenor States bring the same causes of action under the same federal

---

[1] Any citations to documents from that docket will be formatted as such: (Case No. 18-3327, Dkt. No. XX).

[2] The Federal Defendants represent that the Proposed Intervenor States reserve their right to add claims against BOEM, BOEM related entities or BOEM officials, should BOEM ultimately issue permits to the five exploratory companies. (Dkt. No. 107 at 2 – 3.)

statutes as the Plaintiffs, South Carolina's complaint-in-intervention also includes claims that an executive order was issued "ultra vires," a claim under the Outer Continental Shelf Lands Act, claims under state common law, and a claim in admiralty. (Dkt. No. 59-1.)

## II.    Legal Standard

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *See NAACP v. New York*, 413 U.S. 345, 369 (1973).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising discretion under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

### III. Discussion

#### A. Intervention

The Proposed Intervenor States, except for South Carolina, moved solely for permissive intervention. South Carolina moved for intervention as of right or, in the alternative, permissive intervention. The Court grants the Proposed Intervenor States permissive intervention and therefore makes no finding on whether they are also entitled to intervention as of right.

There is no dispute that the motions to intervene were timely. The Complaint was filed on December 11, 2018. Except for South Carolina, the Proposed Intervenor States moved to intervene on December 20, 2018, only nine days later while the case was still in its earliest stages. (Dkt. No. 34.) South Carolina moved to intervene on January 7, 2019, less than a month after the Complaint was filed. (Dkt. No. 59.) The motions to intervene were therefore timely.

Second, the Court must determine whether the Proposed Intervenor States have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, the Proposed Intervenor States all challenge the same IHAs and seismic airgun testing that is the subject of the Plaintiffs' Complaints. Further, they all bring claims under the MMPA, NEPA, ESA and APA. Therefore, they share common questions of law and fact.

Third, the Court must determine if there is "an independent ground of subject matter jurisdiction." *S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *3 (D.S.C. May 11, 2018). The criteria is easily met here as all bring claims under three federal environmental statutes and the APA.

Finally, the "proposed intervention must not 'unduly delay or prejudice the adjudication of the rights of the original parties.'" *Id.* (citations omitted). No party alleges that any prejudice will arise from the Proposed Intervenor States' intervention. Indeed, the Proposed Intervenor States

sought to intervene shortly after the cases were filed and seek substantially the same relief as the Plaintiffs here. *See Id.* at 9 ("this case is in the very early stages of the litigation, so allowing the business groups permission to intervene will not delay or prejudice the timely adjudication of this case.").

### B. Conditions on Intervention

As the Federal Defendants noted, a court has discretion to impose conditions when granting permissive intervention. *See* Wright & Miller *et al.*, § 1922Conditions on Intervention, 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) ("Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application."). The Court finds two conditions to be appropriate in this case: The Court conditions this intervention on the Proposed Intervenor States abiding by any scheduling order entered by the Court and the deadlines applicable to the Plaintiffs. Second, the Proposed Intervenor States shall make a good faith effort to coordinate filings with the Plaintiffs to avoid duplication. However, this condition only requires a good faith effort, and is not intended to prevent the Proposed Intervenor States from filing a separate brief or motion where interests or arguments diverge.

Finally, the Federal Defendants seek to have this Court prevent South Carolina from asserting the additional claims included in their proposed complaint-in-intervention.[3] Cases cited by the Federal Defendants, including one issued by this Court, indicate that a Court has the discretion to limit the claims brought by an intervenor. *See Savannah Riverkeeper v. United States*

---

[3] The other Proposed Intervenor States' proposed complaint-in-intervention includes substantially the same facts, claims and causes of action as in the Plaintiffs' Complaint. Further, the Federal Defendants recognize that the Proposed Intervenor States reserve their right to add claims against BOEM. (Dkt. No. 107.)

*Army Corps of Engineers*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012) (conditioning intervention on limiting claims brought by intervenor where new claims "would vastly expand the factual and legal issues in dispute in this litigation"). However, here, there is no such issue. While the proposed additional causes of action brought by South Carolina add legal claims to this case, they would not expand the factual issues in this case, and instead all arise out the same facts: NMFS' granting of IHAs to five companies. Therefore, the Court finds no reason to limit South Carolina's ability to bring additional causes of action. To the extent the Federal Defendants seek to address those causes of action, they may bring a motion under Rule 12.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** the motions to intervene (Dkt. Nos. 34, 59) by the States of Maryland, Connecticut, Delaware, Maine, New Jersey, New York, North Carolina, South Carolina and the Commonwealths of Massachusetts and Virginia.

As the Court has now ruled on the motions to intervene (Dkt. Nos. 34, 59), the All Writs Act Injunction (Dkt. No. 75) is **LIFTED**. The Motion for Clarification (Dkt. No. 111) and the Motion for Leave to File a Response (Dkt. No. 114) are therefore **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 8, 2019
Charleston, South Carolina