UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE; et al., | NO. 2:18-cv-03326-RMG |
| Plaintiffs, | |
| v. | ANSWER OF INTERVENOR-DEFENDANTS INTERNATIONAL ASSOCIATION OF GEOPHYSICAL CONTRACTORS, CGG SERVICES (U.S.) INC., GX TECHNOLOGY CORPORATION, SPECTRUM GEO INC., TGS-NOPEC GEOPHYSICAL COMPANY, WESTERNGECO LLC AND THE AMERICAN PETROLEUM INSTITUTE TO SOUTH CAROLINA COASTAL CONSERVATION LEAGUE ET AL.'S COMPLAINT |
| WILBUR ROSS, in his official capacity as the Secretary of Commerce; et al., | |
| Defendants. | |
| CITY OF BEAUFORT; et al., | |
| Plaintiffs, | |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE; et al., | |
| Defendants. | |

**ANSWER**

Intervenor-Defendants International Association of Geophysical Contractors, CGG

Services (U.S.), Inc., GX Technology Corporation, Spectrum Geo Inc., TGS-NOPEC

Geophysical Company, WesternGeco LLC, and the American Petroleum Institute (collectively,

"Intervenors") answer plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint")

as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint:

**INTRODUCTION**

1.     The allegations of paragraph 1 are speculative, inaccurate, misleading, overbroad, vague,

and ambiguous, and are therefore denied.

2.      The allegations of paragraph 2 state plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

3.      In response to paragraph 3, Intervenors admit that marine mammals use sound for life functions.  The remaining allegations of paragraph 3 are overly broad, vague, and ambiguous, and are therefore denied.

4.      The allegations of paragraph 4 are speculative, misleading, inaccurate, overly broad, vague, and ambiguous, and are therefore denied.

5.      Intervenors deny the allegations in the first sentence of paragraph 5.  Intervenors are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and therefore deny them.

6.      The allegations of paragraph 6 are speculative, overbroad, vague, and ambiguous, and are therefore denied.

7.      Intervenors deny the allegations of the first sentence of paragraph 7.  The remaining allegations of paragraph 7 are speculative, overbroad, vague, and ambiguous, and are therefore denied.

8.      The allegations of paragraph 8 are speculative, overbroad, vague, and ambiguous, and are therefore denied.

9.      Paragraph 9 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

10.    Intervenors deny the allegations of paragraph 10.

11.    Paragraph 11 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

12.    Intervenors deny the allegations of paragraph 12.

13.    Paragraph 13 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

14.    Intervenors deny the allegations of paragraph 14.

15.    Intervenors deny the allegations in the first sentence of paragraph 15.  In response to the remaining allegations of paragraph 15, Intervenors deny that plaintiffs are entitled to the relief requested.

### JURISDICTION AND VENUE

16.    In response to paragraph 16, Intervenors state that the Court's jurisdiction is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

17.    In response to paragraph 17, Intervenors state that the question of venue is a matter of law which does not require a response, and further states that the cited federal law speaks for itself.

18.    In response to paragraph 18, Intervenors state that the question of assignment within the District of South Carolina is a matter of law which does not require a response, and further states that the cited Local Rule speaks for itself.

**PARTIES**

19.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore deny them.

20.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore deny them.

21.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore deny them.

22.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore deny them.

23.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore deny them.

24.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore deny them.

25.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore deny them.

26.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore deny them.

27.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore deny them.

28.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore deny them.

29.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore deny them.

30.     Intervenors deny the allegations of paragraph 30.

31.    Intervenors deny the allegations of paragraph 31.

32.    In response to paragraph 32, Intervenors admit that NMFS is a subdivision of the National Oceanic and Atmospheric Administration, which is an agency within the U.S. Department of Commerce.  The remaining allegations of paragraph 32 state plaintiffs' characterization agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the referenced agency documents and decisions, Intervenors deny them.

33.    In response to paragraph 33, Intervenors admit that Chris Oliver is the Assistant Administrator for Fisheries and is the highest ranking official within NMFS.

34.    In response to paragraph 34, Intervenors admit that Wilbur Ross is the Secretary of the U.S. Department of Commerce with all responsibilities prescribed by applicable law.

## STATUTORY AND REGULATORY BACKGROUND

35.    Paragraph 35 states plaintiffs' characterizations of laws which require no response as the applicable laws speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable laws, Intervenors deny them.

36.    Paragraph 36 states plaintiffs' characterizations of law and legislative history which require no response as the applicable law and legislative history speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and legislative history, Intervenors deny them.

37.    Paragraph 37 states plaintiffs' characterizations of law which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

38.    Paragraph 38 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent

plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

39.    Paragraph 39 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

40.    Paragraph 40 states plaintiffs' characterizations of law which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

41.    Paragraph 41 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

42.    Paragraph 42 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

43.    Paragraph 43 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

44.    Paragraph 44 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent

plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

45.    Paragraph 45 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

46.    Paragraph 46 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

47.    Paragraph 47 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

48.    Paragraph 48 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

49.    Paragraph 49 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

50.    Paragraph 50 states plaintiffs' characterizations of law which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

51.     Paragraph 51 states plaintiffs' characterizations of law which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

52.     Paragraph 52 states plaintiffs' characterizations of laws and federal regulations which require no response as the applicable laws and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable laws and regulations, Intervenors deny them.

53.     Paragraph 53 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

54.     Paragraph 54 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

55.     Paragraph 55 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

56.     Paragraph 56 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

57.     Paragraph 57 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

58.     Paragraph 58 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

59.     Paragraph 59 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

60.     Paragraph 60 states plaintiffs' characterizations of law and federal regulations which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

61.     Paragraph 61 states plaintiffs' characterizations of law which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

62.     Paragraph 62 states plaintiffs' characterizations of law which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

## FACTUAL BACKGROUND

63.     In response to paragraph 63, Intervenors admit that the waters of the Mid- and South Atlantic contain various marine species.  The remaining allegations of paragraph 63 are vague and ambiguous, and are therefore denied.

64.     In response to the first two sentences of paragraph 64, Intervenors admit the North Atlantic right whale is federally listed as an endangered species and that the species migrates along the Atlantic coast.  The remaining allegations of paragraph 64 are vague and ambiguous, and are therefore denied.

65.     In response to the first sentence of paragraph 65, Intervenors admit the North Atlantic right whale is federally listed as an endangered species.  Intervenors are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65, and therefore deny them.

66.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 66, and therefore deny them.

67.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 67, and therefore deny them.

68.     In response to paragraph 68, Intervenors admit that the waters of the Mid- and South Atlantic contain various marine species.  The remaining allegations of paragraph 68 are vague and ambiguous, and are therefore denied.

69.     The allegations of paragraph 69 are vague and ambiguous, and are therefore denied.

70.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 70, and therefore deny them.

71.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 71, and therefore deny them.

72.     In response to paragraph 72, Intervenors admit that seismic surveys are used to determine potential offshore oil and gas resources.  Intervenors further admit that geophysical surveys emit acoustic pulses at various time intervals and sound levels depending on the nature of the survey being performed.  The remaining allegations of paragraph 72 are inaccurate, misleading, vague, and ambiguous, and therefore denied.

73.     The allegations of paragraph 73 are speculative, inaccurate, misleading, vague, and ambiguous, and are therefore denied.

74.     The allegations of paragraph 74 are vague and ambiguous, and are therefore denied.

75.     In response to the first and second sentences of paragraph 75, Intervenors admit that marine mammals use sound for certain life functions.  The remaining allegations of paragraph 75 are vague and ambiguous, and are therefore denied.

76.     The allegations of paragraph 76 are inaccurate, misleading, vague, and ambiguous, and are therefore denied.

77.     Intervenors deny the allegations of the first sentence of paragraph 77.  The remaining allegations of paragraph 77 are speculative, misleading, vague, and ambiguous, and are therefore denied.

78.     The allegations of paragraph 78 are speculative, misleading, vague, and ambiguous, and are therefore denied.

79.     The allegations of paragraph 79 are speculative, misleading, vague, and ambiguous, and are therefore denied.

80.     The allegations of paragraph 80 are speculative, misleading, vague, and ambiguous, and are therefore denied.

81.     The allegations of paragraph 81 are speculative, misleading, vague, and ambiguous, and are therefore denied.

82.     The allegations of paragraph 82 are speculative, misleading, vague, and ambiguous, and are therefore denied.

83.     The allegations of paragraph 83 are speculative, misleading, vague, and ambiguous, and are therefore denied.

84.    Intervenors deny the allegations of the first sentence of paragraph 84.  The remaining allegations of paragraph 84 are speculative, inaccurate, misleading, vague, and ambiguous, and are therefore denied.

85.    The allegations of paragraph 85 are speculative, misleading, vague, and ambiguous, and are therefore denied.

### NMFS's Authorization of Seismic Surveys in the Atlantic

86.    Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore deny them.

87.    Paragraph 87 states plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the federal documents and decisions, Intervenors deny them.

88.    Paragraph 88 states plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the federal documents and decisions, Intervenors deny them.

89.    Paragraph 89 states plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the federal documents and decisions, Intervenors deny them.

90.    Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 90, and therefore deny them.

91.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 91, and therefore deny them.

92.     In response to the first sentence of paragraph 92, Intervenors admit that in 2014 and 2015 five seismic survey companies submitted separate requests for authorization for take of marine mammals incidental to geophysical surveys in the Atlantic Ocean.  In response to the second sentence of paragraph 92, Intervenors admit that the same companies submitted applications to BOEM for permits pursuant to the Outer Continental Shelf Lands Act.

93.     Paragraph 93 states plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the federal documents and decisions, Intervenors deny them.

94.     In response to paragraph 94, Intervenors admit, based on agency representations, that NMFS suspended its consideration of pending incidental harassment authorization applications after BOEM denied the then-pending seismic survey permit applications.

95.     Paragraph 95 states plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the federal documents and decisions, Intervenors deny them.

96.     Paragraph 96 states plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the federal documents and decisions, Intervenors deny them.

97.     Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 97, and therefore deny them.

98.     Paragraph 98 states plaintiffs' characterizations of federal agency documents, which require no response as those documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the referenced documents, Intervenors deny them.

99.     In response to the first sentence of paragraph 99, Intervenors admit that the five survey companies need permits from BOEM to conduct offshore seismic surveys.  Intervenors are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99, and therefore deny them.

100.     Paragraph 100 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

101.     Paragraph 101 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

102.     Paragraph 102 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

**NMFS's MMPA Incidental Harassment Authorizations**

103.    Paragraph 103 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

104.    Paragraph 104 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

105.    Paragraph 105 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

106.    Paragraph 106 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

107.    Paragraph 107 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

108.    Paragraph 108 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

109.    Paragraph 109 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

110.    Paragraph 110 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

111.    The first sentence of paragraph 111 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them. Intervenors deny the allegation in the second sentence of paragraph 111.

112.    Paragraph 112 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

113.    Paragraph 113 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs

and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

114.    Paragraph 114 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

115.    Intervenors deny the allegations in the first and third sentences of paragraph 115. The second sentence of paragraph 115 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

116.    Intervenors deny the allegations of paragraph 116.

117.    Intervenors deny the allegations of paragraph 117.

118.    Intervenors deny the allegations of the first and last sentences of paragraph 118. Intervenors are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 118, and therefore deny them.

119.    Paragraph 119 states plaintiffs' characterizations of agency documents and decisions, which require no response as the referenced documents and decisions speak for themselves. To the extent plaintiffs' allegations are inconsistent with the referenced documents and decisions, Intervenors deny them. The allegations of the last sentence of paragraph 119 are speculative, vague, and ambiguous, and are therefore denied.

120.    Intervenors deny the allegations of paragraph 120.

121.     Paragraph 121 states plaintiffs' characterizations of law which requires no response as the applicable laws speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable laws, Intervenors deny them.

122.     Paragraph 122 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

123.     Intervenors deny the allegations of paragraph 123.

124.     Intervenors deny the allegations of paragraph 124.

125.     Paragraph 125 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

126.     Paragraph 126 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

127.     Intervenors deny the allegations of paragraph 127.

### The ESA Biological Opinion and Incidental Take Statement

128.     Paragraph 128 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To

the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

129.     Paragraph 129 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

130.     Paragraph 130 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

131.     Paragraph 131 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

132.     Paragraph 132 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

133.     The first sentence of paragraph 133 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them. Intervenors deny the remaining allegations of paragraph 133.

134.     Paragraph 134 states plaintiffs' characterization of scientific and factual matters that are addressed in the IHAs and associated agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

135.     Paragraph 135 states plaintiffs' characterizations of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

136.     Paragraph 136 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

137.     Paragraph 137 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To

the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

138.    Paragraph 138 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

139.    Paragraph 139 states plaintiffs' characterization of scientific and factual matters that are addressed in the Biological Opinion and associated agency documents, which require no response as the Biological Opinion and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Biological Opinion and associated agency documents, Intervenors deny them.

### The NEPA Programmatic EIS and Environmental Assessment

140.    Paragraph 140 states plaintiffs' characterization of scientific and factual matters that are addressed in the Environmental Assessment and associated agency documents, which require no response as the Environmental Assessment and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Environmental Assessment and associated agency documents, Intervenors deny them.

141.    Paragraph 141 states plaintiffs' characterizations of law and conclusions of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

142.    The first sentence of paragraph 142 states plaintiffs' characterizations of federal regulations which require no response as the applicable regulations speak for themselves.  To the

2:18-cv-03326-RMG     Date Filed 02/18/19     Entry Number 122     Page 22 of 26

extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.
The second sentence of paragraph 142 states plaintiffs' characterization of scientific and factual
matters that are addressed in the Environmental Assessment and associated agency documents,
which require no response as the Environmental Assessment and associated agency documents
speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the
Environmental Assessment and associated agency documents, Intervenors deny them.

143.    The first sentence of paragraph 143 states plaintiffs' characterizations of federal
regulations which require no response as the applicable regulations speak for themselves.  To the
extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.
The remaining allegations of paragraph 143 state plaintiffs' characterizations of scientific and
factual matters that are addressed in the Environmental Assessment and associated agency
documents, which require no response as the Environmental Assessment and associated agency
documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the
Environmental Assessment and associated agency documents, Intervenors deny them.

144.    The first sentence of paragraph 144 states plaintiffs' characterizations of federal
regulations which require no response as the applicable regulations speak for themselves.  To the
extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.
The remaining allegations of paragraph 144 state plaintiffs' characterizations of scientific and
factual matters that are addressed in the Environmental Assessment and associated agency
documents, which require no response as the Environmental Assessment and associated agency
documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the
Environmental Assessment and associated agency documents, Intervenors deny them.

99570656.3 0081381-00014

145.    Paragraph 145 states plaintiffs' characterization of scientific and factual matters that are addressed in the Environmental Assessment and associated agency documents, which require no response as the Environmental Assessment and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Environmental Assessment and associated agency documents, Intervenors deny them.

146.    Paragraph 146 states plaintiffs' characterization of scientific and factual matters that are addressed in the Environmental Assessment and associated agency documents, which require no response as the Environmental Assessment and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the Environmental Assessment and associated agency documents, Intervenors deny them.

147.    Intervenors deny the allegations of paragraph 147.

## FIRST CLAIM FOR RELIEF

148.    Intervenors admit and deny the allegations of paragraph 148 as stated above.

149.    Paragraph 149 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

150.    Paragraph 150 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

151.    Paragraph 151 states plaintiffs' characterization of federal regulations, which require no response as the applicable regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

152.    Paragraph 152 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

153.    Intervenors deny the allegations of paragraph 153.

154.    Intervenors deny the allegations of paragraph 154.

155.    Intervenors deny the allegations of paragraph 155.

156.    Intervenors deny the allegations of paragraph 156.

## SECOND CLAIM FOR RELIEF

157.    Intervenors admit and deny the allegations of paragraph 157 as stated above.

158.    Paragraph 158 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

159.    Paragraph 159 states plaintiffs' characterizations of law, which require no response as the applicable laws speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable laws, Intervenors deny them.

160.    Intervenors deny the allegations of paragraph 160.

161.    Intervenors deny the allegations of paragraph 161.

162.    Intervenors deny the allegations of paragraph 162.

163.    Intervenors deny the allegations of paragraph 163.

## THIRD CLAIM FOR RELIEF

164.    Intervenors admit and deny the allegations of paragraph 164 as stated above.

165.    Paragraph 165 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself.  To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

166.    Paragraph 166 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves.  To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

167.    Intervenors deny the allegations of paragraph 167.

168.    Intervenors deny the allegations of paragraph 168.

169.    Intervenors deny the allegations of paragraph 169.

170.    Intervenors deny the allegations of paragraph 170.

## REQUEST FOR RELIEF

Intervenors deny that plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs A through J of the Request for Relief.

Except as expressly admitted in this Answer, Intervenors deny each and every allegation contained in plaintiffs' Complaint and the whole thereof.

## INTERVENORS' AFFIRMATIVE DEFENSES

Intervenors assert the following affirmative defenses:

1.    Plaintiffs have failed to state a claim for which relief may be granted.

2.    Plaintiffs lack standing to bring their claims.

3.    This Court lacks jurisdiction over some or all of plaintiffs' claims.

4.    Some or all of plaintiffs' claims are barred by the doctrines of ripeness, laches, or exhaustion of administrative remedies.

5.    Intervenors reserve the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, Intervenors, having fully answered the allegations contained in plaintiffs' Complaint, respectfully requests that this Court enter a judgment dismissing the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED: February 18, 2019        Respectfully submitted,

*S/Sean Houseal*

Richard Morton, Fed. Id. No. 5442
Sean D. Houseal, Fed. Id. No. 7676
WOMBLE BOND DICKINSON (US) LLP
5 Exchange Street
Charleston, SC  29401
Telephone:  843-720-4622
Facsimile:   843-723-7398
Email:  ric.morton@wbd-us.com
              sean.houseal@wbd-us.com

Ryan P. Steen (admitted *pro hac vice*)
Jason T. Morgan (admitted *pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: 206-624-0900
Facsimile: 206-386-7500
Email: ryan.steen@stoel.com
            jason.morgan@stoel.com

*Counsel for Intervenor-Defendants*