UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., <br><br> Defendants. | Civil Action No. 2:18-cv-03326-RMG (Consolidated with 2:18-cv-3327-RMG) <br><br> ANSWER OF INTERVENOR-DEFENDANTS INTERNATIONAL ASSOCIATION OF GEOPHYSICAL CONTRACTORS, CGG SERVICES (U.S.) INC., GX TECHNOLOGY CORPORATION, SPECTRUM GEO INC., TGS-NOPEC GEOPHYSICAL COMPANY, WESTERNGECO LLC AND THE AMERICAN PETROLEUM INSTITUTE TO STATE OF MARYLAND ET AL.'S COMPLAINT-IN-INTERVENTION |
| CITY OF BEAUFORT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, et al., <br><br> Defendants. | |

## **ANSWER**

Intervenor-Defendants International Association of Geophysical Contractors, CGG Services (U.S.) Inc., GX Technology Corporation, Spectrum Geo Inc., TGS-NOPEC Geophysical Company, WesternGeco LLC, and the American Petroleum Institute (collectively, "Intervenors") answer plaintiffs' Complaint-in-Intervention ("Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint:

ANSWER TO STATES' COMPLAINT-
IN-INTERVENTION                                                    - 1 -
100792318.2 0081381-00014

## PRELIMINARY STATEMENT

1. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

2. In response to the first sentence of paragraph 2, Intervenors admit that marine mammals use sound to navigate, seek food, avoid danger, and communicate. The remaining sentences in paragraph 2 state plaintiffs' characterizations of law, which require no response as the applicable laws speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable laws, Intervenors deny them.

3. The allegations of paragraph 3 state plaintiffs' characterizations of federal authorizations, which require no response as the authorizations speak for themselves. To the extent plaintiffs' allegations are inconsistent with the authorizations, Intervenors deny them.

4. Intervenors deny the allegations of paragraph 4.

5. Intervenors deny the allegations of paragraph 5.

## PARTIES

6. Paragraph 6 states plaintiffs' intent to incorporate by reference paragraphs 19–31 of the Complaint in *South Carolina Coastal Conservation League, et al. v. Ross*. In response to paragraph 6, Intervenors incorporate by reference their responses from paragraphs 19–31 in their Answer to South Carolina Coastal Conservation League, et al.'s Complaint at ECF No. 122, and admit and deny the allegations as stated therein.

7. Paragraph 7 states plaintiffs' intent to incorporate by reference paragraphs 32–34 of the Complaint in *South Carolina Coastal Conservation League, et al. v. Ross*. In response to paragraph 7, Intervenors incorporate by reference their responses from paragraphs 32–34 in their

Answer to South Carolina Coastal Conservation League, et al.'s Complaint at ECF No. 122, and admit and deny the allegations as stated therein.

8. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore deny them.

9. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore deny them.

10. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore deny them.

11. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore deny them.

12. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore deny them.

13. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore deny them.

14. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny them.

15. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore deny them.

16. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore deny them.

## JURISDICTION AND VENUE

17. In response to paragraph 17, Intervenors state that the Court's jurisdiction is a matter of law which does not require a response, and further state that the cited federal laws speak for themselves.

18. In response to paragraph 18, Intervenors state that the question of venue is a matter of law which does not require a response, and further state that the cited federal law speaks for itself.

19. In response to paragraph 19, Intervenors state that the question of assignment within the District of South Carolina is a matter of law which does not require a response, and further state that the cited Local Rule speaks for itself.

20. In response to paragraph 20, Intervenors state that the question of personal jurisdiction is a matter of law which does not require a response, and further state that the cited federal law and Rules of Civil Procedure speak for themselves.

21. Intervenors deny the allegations of paragraph 21.

## STATUTORY AND REGULATORY BACKGROUND

<u>The Marine Mammal Protection Act</u>

22. Paragraph 22 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

23. Paragraph 23 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

24. Paragraph 24 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

25. Paragraph 25 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

26. Paragraph 26 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

27. Paragraph 27 states plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

<u>The Endangered Species Act</u>

28. Paragraph 28 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

29. Paragraph 29 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

30. Paragraph 30 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the

extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

31. Paragraph 31 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

The National Environmental Policy Act

32. Paragraph 32 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

33. Paragraph 33 states plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

34. Paragraph 34 states plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable regulations, Intervenors deny them.

The Administrative Procedure Act

35. Paragraph 35 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

36. Paragraph 36 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

## FACTUAL BACKGROUND

37. Paragraph 37 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable law and regulations, Intervenors deny them.

38. In response to the first sentence of paragraph 38, Intervenors admit that seismic surveys are conducted by vessels which tow an array of acoustic sources which emit an acoustic pulse and that the acquired data is used to map the ocean floor. In response to the second and third sentences of paragraph 38, Intervenors admit that persons wishing to conduct seismic surveys must first obtain a permit from the Bureau of Ocean Energy Management ("BOEM"), and that BOEM will sometimes require an incidental take authorization under the Marine Mammal Protection Act as a condition of the permit.

A.      The Applications at Issue

39. Intervenors admit the allegations contained in the first two sentences of paragraph 39. The allegations in the third sentence state conclusions of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

40. The allegations of paragraph 40 state plaintiffs' characterizations of federal decisions and documents, which require no response as the decisions and documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with those decisions and documents, Intervenors deny them.

41. Intervenors admit the allegations in the first sentence of paragraph 41. The remaining allegations of paragraph 41 state plaintiffs' characterizations of federal decisions and

documents, which require no response as the decisions and documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with those decisions and documents, Intervenors deny them.

42. Paragraph 42 states plaintiffs' characterizations of a Presidential Executive Order, which requires no response as the applicable Presidential Executive Order speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Presidential Executive Order, Intervenors deny them.

43. The first two sentences of paragraph 43 state plaintiffs' characterizations of a Department of the Interior Secretarial Order, which require no response as the applicable Secretarial Order speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Secretarial Order, Intervenors deny them. Intervenors are without information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 43, and therefore deny them. In response to the fourth sentence of paragraph 43, Intervenors admit that on May 15, 2017, the Interior Board of Land Appeals set aside BOEM's Denial Decision and remanded the permit applications to BOEM for further consideration. The allegations of the last sentence of paragraph 43 state plaintiffs' characterization of a federal document, which requires no response as the document speaks for itself. To the extent plaintiffs' allegations are inconsistent with that document, Intervenors deny them.

B. NMFS's Proposal to Grant the IHA Applications

44. Paragraph 44 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

45. Paragraph 45 states plaintiffs' characterizations of law and the IHAs, which require no response as the applicable law and IHAs speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable law and IHAs, Intervenors deny them.

46. Paragraph 46 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

47. Paragraph 47 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

48. Paragraph 48 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

49. Paragraph 49 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

50. Paragraph 50 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

51. Paragraph 51 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

52. Intervenors are without information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore deny them.

C. NMFS's Grant of the IHAs

53. Paragraph 53 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

54. Paragraph 54 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

55. Paragraph 55 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

56. Paragraph 56 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

57. Paragraph 57 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

58. Paragraph 58 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

59. Paragraph 59 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

60. Paragraph 60 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

61. Paragraph 61 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves.  To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

62. Paragraph 62 states plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for

themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them.

63. The first two sentences of paragraph 63 state plaintiffs' characterizations of the IHAs and related agency documents, which require no response as the IHAs and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IHAs and associated agency documents, Intervenors deny them. In response to the third sentence of paragraph 63, Intervenors are without information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

D.   The Biological Opinion and Environmental Assessment

64. Paragraph 64 states plaintiffs' characterizations of the Biological Opinion, which require no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Intervenors deny them.

65. Paragraph 65 states plaintiffs' characterizations of the Biological Opinion, which require no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Intervenors deny them.

66. Paragraph 66 states plaintiffs' characterizations of the Biological Opinion, which require no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Intervenors deny them.

67. Paragraph 67 states plaintiffs' characterizations of the Biological Opinion, which require no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Intervenors deny them.

68. The allegations in the first two sentences of paragraph 68 state plaintiffs' characterization of the agency's environmental review documents, which requires no response as

the environmental review documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the environmental review documents, Intervenors deny them. The allegations in the third sentence of paragraph 68 are misleading and inaccurate and are therefore denied.

69. Intervenors deny the allegations of paragraph 69.

70. In response to the first sentence of paragraph 70, Intervenors admit that NMFS tiered its Environmental Assessment to BOEM's 2014 Programmatic Environmental Impact Statement. The allegations in the second sentence of paragraph 70 are overly broad, vague, ambiguous, and misleading and are therefore denied.

## COUNT ONE

71. Intervenors admit and deny the allegations of paragraph 71 as stated above.

72. Paragraph 72 states a conclusion of law, which requires no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

73. Paragraph 73 states plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable law and regulations, Intervenors deny them.

74. Intervenors deny the allegations of paragraph 74.

75. Intervenors deny the allegations of paragraph 75.

76. Intervenors deny the allegations in the first sentence of paragraph 76. The allegations in the second sentence of paragraph 76 state plaintiffs' characterizations of a federal

decision, which require no response as the decision speaks for itself. To the extent plaintiffs' allegations are inconsistent with the federal decision, Intervenors deny them.

## COUNT TWO

77. Intervenors admit and deny the allegations of paragraph 77 as stated above.

78. Paragraph 78 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

79. Paragraph 79 states plaintiffs' characterizations of the Biological Opinion, which require no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Intervenors deny them.

80. Paragraph 80 states a conclusion of law, which requires no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

81. Intervenors deny the allegations of paragraph 81.

82. Intervenors deny the allegations in the first sentence of paragraph 82. The allegations in the second sentence of paragraph 82 state plaintiffs' characterizations of a federal decision, which require no response as the decision speaks for itself. To the extent plaintiffs' allegations are inconsistent with the federal decision, Intervenors deny them.

83. Intervenors deny the allegations of paragraph 83.

## COUNT THREE

84. Intervenors admit and deny the allegations of paragraph 84 as stated above.

85. Paragraph 85 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

86. Paragraph 86 states a conclusion of law, which requires no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Intervenors deny them.

87. Intervenors deny the allegations of paragraph 87.

88. Intervenors deny the allegations of paragraph 88.

## RELIEF REQUESTED

Intervenors deny that plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs A through J of the Prayer for Relief.

Except as expressly admitted in this Answer, Intervenors deny each and every allegation contained in plaintiffs' Complaint and the whole thereof.

## INTERVENORS' AFFIRMATIVE DEFENSES

Intervenors assert the following affirmative defenses:

1. Plaintiffs have failed to state a claim for which relief may be granted.

2. Plaintiffs lack standing to bring their claims.

3. This Court lacks jurisdiction over some or all of plaintiffs' claims.

4. Some or all of plaintiffs' claims are barred by the doctrines of ripeness, laches, or exhaustion of administrative remedies.

5. Intervenors reserve the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, Intervenors, having fully answered the allegations contained in plaintiffs' Complaint, respectfully request that this Court enter a judgment dismissing the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED:  March 20, 2019                         Respectfully submitted,

                                                                 s/ Sean D. Houseal
                                                                Richard Morton, Fed. Id. No. 5442
                                                                Sean Houseal, Fed. Id. No. 7676
                                                                WOMBLE BOND DICKINSON (US) LLP
                                                                301 S. College Street, Suite 3500
                                                                Charlotte, NC 28202-6037
                                                                5 Exchange Street
                                                                Charleston, SC  29401
                                                                Telephone:  704-331-4993
                                                                                        843-720-4622
                                                                Facsimile:   843-723-7398
                                                                Email:  Ric.Morton@wbd-us.com
                                                                Email: Sean.Houseal@wbd-us.com


                                                                Ryan P. Steen, Admitted *Pro Hac Vice*
                                                                Jason T. Morgan, Admitted *Pro Hac Vice*
                                                                STOEL RIVES LLP
                                                                600 University Street, Suite 3600
                                                                Seattle, WA  98101
                                                                Telephone: 206-624-0900
                                                                Facsimile: 206-386-7500
                                                                Email: ryan.steen@stoel.com
                                                                            jason.morgan@stoel.com

                                                                *Counsel for Intervenor-Defendants*