UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CITY OF BEAUFORT; et al., ) | |
| ) | No. 2:18-cv-03326-RMG |
| ) | (Consolidated with 2:18-cv-03327-RMG) |
| Plaintiffs, ) | |
| ) | |
| v. ) | **PLAINTIFFS' MOTION TO STRIKE** |
| ) | |
| NATIONAL MARINE FISHERIES SERVICE; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WILBER ROSS, in his official capacity as secretary of commerce; et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiffs City of Beaufort, City of Charleston, City of Folly Beach, City of Isle of Palms, City of North Myrtle Beach, Town of Bluffton, Town of Briarcliffe Acres, Town of Edisto Beach, Town of Hilton Head Island, Town of James Island, Town of Kiawah Island, Town of Mount Pleasant, Town of Pawleys Island, Town of Port Royal, Town of Seabrook Island, and Town of Awendaw (collectively "Municipalities"), and South Carolina Small Business Chamber of Commerce ("Chamber"), move to strike the Declarations of Jolie Harrison, ECF No. 221-1, Benjamin Laws, ECF No. 221-2, Dwayne Meadows, ECF No. 221-3, and Eric Patterson, ECF No. 221-4. The declarations are improper and should be stricken because they contain post-hoc

rationalizations for decisions made by Defendant National Marine Fisheries Service (NMFS), and the Declaration of Jolie Harrison draws improper legal conclusions about the ultimate questions at issue in this case.

In Administrative Procedures Act cases, the court must only consider the record made before the agency at the time the agency acted. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). The administrative record includes the agency's rationale for its action, as well as the facts and information before it, and "a reviewing court may look only to these contemporaneous justifications in reviewing the agency action." *Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 467–68 (4th Cir. 2013) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943)). An agency may not expand its reasons for a decision in order to defend it from judicial review. See *Motor Vehicle Mfr. Ass'n v. State Farm Auto. Ins. Co.*, 463 U.S. 29, 50, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) ("[C]ourts may not accept appellate counsel's post hoc rationalizations for agency action").

"The rule barring consideration of post hoc agency rationalizations operates where an agency has provided a particular justification for a determination at the time the determination is made, but provides a different justification for that same determination when it is later reviewed by another body." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997). See *Camp v. Pitts*, 93 S.Ct. 1241, 1244 (1973) ('the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). *See also, Florida Power & Light Co. V. Lorion*, 105 S.Ct. 1598 (1985) That, however, is precisely what the Federal Defendants attempt to do with these agency declarations.

2

The Federal Defendants lodged the Administrative Record in this case, which alone must provide the basis and rationale for the agency's decision. *Volpe*, 401 U.S. at 420; *Dow* 707 F.3d at 467–68.  Yet the Federal Defendants filed declarations of four of its employees in response to Plaintiffs' Motions for Preliminary Injunction which contain new maps, calculations and analysis of the IHA applications that were not before the agency, are not part of the Administrative Record and which were created subsequent to the agency's issuance of the IHAs.  These post hoc rationalizations are clearly improper.

Benjamin Laws describes a purpose of his declaration as "to discuss any important scientific information presented in those documents that was not explicitly cited in NMFS' Federal Register Notices (FRNs) concerning the IHAs for the five proposed seismic surveys." ECF No. 221-2 at ¶ 5.  Mr. Laws also addresses the issue of the impact of the airgun blasts on the underwater munitions, described in the Tecklenberg Declaration.  He discusses the lack of evidence that these blasts could cause dangerous impacts to these munitions and incorrectly asserts that no comments were submitted to the agency during the comment period.  See Laws Decl. at ¶ 16; Barton Decl., ECF No. 241-1; Barton Comment Letter, ECF No. 241-2.  Mr. Laws also provides an extensive supplemental discussion regarding the evaluation of the distinction between military sonars' impacts on beaked whales and airgun seismic blasting.  See ECF No. 221-2 at ¶¶ 18-23.  This litigation affidavit is improper.

Dwayne Meadows' Declaration includes new maps not before the agency during the application review process, but rather created after-the-fact for the purpose of convincing this Court that the IHAs comply with the law.  See ECF No. 221-3 (discussing "the analysis of data

3

and development of supplemental maps used in NMFS' response to the motions before the Court...").

Similar to Benjamin Laws, Eric Patterson submits supplemental discussion of scientific data not before the agency and not included in the Administrative Record in an effort to correct deficiencies in NMFS' analysis. ECF No. 221-4. He discusses in great detail the post-hoc creation of the new map attached to Mr. Meadows' Declaration. ECF 221-4 at ¶ 25. Mr. Patterson also introduces supplemental data to support NMFS' contention that the seismic testing will have no negative effects on right whale mother-calf communication. ECF No. 221-4 at ¶ 31.

Furthermore, Declarant Jolie Harrison improperly attempts to draw legal conclusions about the agency review's compliance with the crucial statutes at issue in this case. Ms. Harrison gives her opinion that all applicable statutory and regulatory provisions have been met. "[I]t is my expert opinion that the analysis conducted for the issuance of the five IHAs, supports the statutory requirements for issuing the IHAs." This goes to the ultimate legal issues in this case. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th

Cir.2002). Because the aforementioned Declarations consist largely of post-hoc rationalizations for the agency's decision, and go the ultimate legal issues in this case, this Court should grant the Plaintiffs' motion to strike these declarations and the portions of the Federal Defendants' Memorandum that relies on them.

Respectfully submitted this 28th day of March, 2019.

      s/Amy E. Armstrong
Amy E. Armstrong (ID # 9625)
Leslie S. Lenhardt (ID # 7795)
SOUTH CAROLINA ENVIRONMENTAL LAW
    PROJECT
Mailing address:    Post Office Box 1380
                          Pawleys Island, SC 29585
Office address:     430 Highmarket Street
                          Georgetown, SC 29440
Telephone    (843) 527-0078

Attorneys for the Plaintiffs

Georgetown, South Carolina

March 28, 2019