IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., <br><br> Defendants. | Civ. No. 2:18-cv-3326-RMG <br> (Consolidated with 2:18-cv-3327-RMG) <br><br> **PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' STATUS REPORT** |

      Federal Defendants' May 9, 2019 Status Report explains that the Trump Administration is moving ahead with the permitting of five seismic airgun surveys in the Atlantic Ocean, even as it reweighs whether and when to open Atlantic waters to oil and gas leasing. ECF No. 281 ¶¶ 1-4; Cruickshank Decl. ¶ 5, ECF No. 281-1. Federal Defendants' statements are immediately relevant to this case in two ways.

      First, the Status Report and accompanying declaration confirm that seismic testing poses an imminent threat of irreparable harm to the environment and Plaintiffs' members. Federal Defendants have already issued the five incidental harassment authorizations at issue here, and permit applications for all five seismic surveys are still pending before BOEM. Cruickshank Decl. ¶¶ 2, 6. Federal Defendants' Status Report disclaims any connection between recent delays related to BOEM's leasing plans and the agency's consideration of these permit applications. Fed. Defs.' Status Report ¶ 3 (describing the two processes as "legally distinct"). The Status Report and accompanying declaration demonstrate that nothing has changed with respect to BOEM permits, which remain likely to issue before this Court reaches a final decision on the

1

merits of Plaintiffs' legal challenge, underscoring the need for a preliminary injunction. *See* Pls.' Reply in Supp. of a Prelim. Inj. 28-29, ECF No. 233.

Second, Federal Defendants' filing indicates that the public interest tilts all the more heavily in favor of enjoining seismic testing during the course of this lawsuit. In earlier briefing, Plaintiffs and Plaintiff-Intervenors established the public's profound interest in preventing the immediate harm that seismic blasting will impose on marine life, including critically endangered species like the North Atlantic right whale. *E.g.*, *id.* at 30. In response, Defendants alleged a public interest in "gathering information about the Atlantic OCS" to inform the leasing process. Fed. Defs.' Opp. to Mot. for Prelim. Inj. 58, ECF No. 221. But with BOEM now "evaluating all of its options" on future plans for lease sales, Cruickshank Decl. ¶ 5, any purported public benefit from obtaining such information has become even more remote. There is no urgent need for data about potential oil and gas deposits in a sensitive marine ecosystem that is not currently, and may never be, open to oil and gas leasing. Indeed, "the diminished immediate need for seismic survey information" was a primary factor in BOEM's own decision to deny these very permits in 2017. AR 526. BOEM's rationale in 2017 remains true today: because there is no immediate plan to offer leases in the Atlantic, "the potential disadvantage" that seismic surveys will cause to the "small, critically endangered, and declining population [of North Atlantic right whales] is not worth the risk." AR 531. As stated in earlier briefing, the public interest heavily favors enjoining seismic surveying during the pendency of this case.

Finally, Plaintiffs note that other statements in Federal Defendants' Status Report may become relevant to this case at a later date. For instance, Federal Defendants assert that the recent decision in *League of Conservation Voters et al. v. Trump et al.*, Case No. 3:17-cv-00101-SLG (D. Alaska)—in which the court concluded that President Trump has no authority to open

protected portions of the Atlantic and Alaskan Outer Continental Shelf to leasing—"has *no* legal effect" on BOEM's authority to approve seismic surveying. Fed. Defs.' Status Report ¶ 1 (emphasis added); *see* Cruickshank Decl. ¶ 4. Plaintiffs disagree with this blanket assertion, which ignores the Outer Continental Shelf Lands Act's prohibition of seismic surveying that is "unduly harmful to aquatic life." 43 U.S.C. § 1340. For example, conducting seismic testing for oil and gas deposits in areas where there is no foreseeable possibility of leasing would cause significant damage to marine life with no meaningful benefit, resulting in exactly the type of undue harm the statute proscribes. Nonetheless, as BOEM has not yet issued permits for the seismic surveys at issue in this case, the Court need not reach the issue at this time.

Federal Defendants have confirmed that they are pressing forward with the permitting of five oil and gas exploration companies to conduct harmful seismic airgun blasting in the Atlantic. Plaintiffs respectfully renew their request for preliminary relief to prevent irreparable harm to marine life and their members during the pendency of this case.

Dated:     May 15, 2019                              Respectfully submitted,

  s/ Catherine M. Wannamaker
 Catherine M. Wannamaker (Bar No. 12577)      Sarah V. Fort (PHV)
 Southern Environmental Law Center            Natural Resources Defense Council
 463 King Street, Suite B                     1152 15th Street NW, Suite 300
 Charleston, SC 29403                         Washington, DC 20005
 Telephone: (843) 720-5270                    Telephone: (202) 513-6247
 Facsimile: (843) 414-7039                    Facsimile: (415) 795-4799
 Email: cwannamaker@selcsc.org                Email: sfort@nrdc.org

 Blakely E. Hildebrand (PHV)                  Mitchell S. Bernard (PHV)
 Southern Environmental Law Center            Gabriel J. Daly (PHV)
 601 West Rosemary Street, Suite 220          Natural Resources Defense Council
 Chapel Hill, NC 27516                        40 West 20th Street
 Telephone: (919) 967-1450                    New York, NY
 Facsimile: (919) 929-9421                    Telephone: (212) 727-4477
 Email: bhildebrand@selcnc.org                Facsimile: (415) 795-4799

3

*Counsel for Plaintiffs South Carolina Coastal Conservation League, Defenders of Wildlife, North Carolina Coastal Federation, and One Hundred Miles*

Email: mbernard@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*

Thomas J. Perrelli (PHV)
Patrick W. Pearsall (PHV)
Jennifer J. Yun (PHV)
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6004
Facsimile: (202) 639-6066
Email: tperrelli@jenner.com

*Counsel for Plaintiff Oceana*

Kristen Monsell (PHV)
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
Telephone: (510) 844-7137
Facsimile: (510) 844-7150
Email: kmonsell@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*

Stephen D. Mashuda (PHV)
Earthjustice
705 2nd Avenue, Suite 203
Seattle, WA 98104
Telephone: (206) 343-7340
Facsimile: (206) 343-1526
Email: smashuda@earthjustice.org

Brettny Hardy (PHV)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Telephone: (415) 217-2000
Facsimile: (415) 217-2040
Email: bhardy@earthjustice.org

*Counsel for Plaintiffs Surfrider Foundation and Sierra Club*

4