**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| South Carolina Coastal Conservation League; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Wilbur Ross, in his official capacity as the Secretary of Commerce; *et al.*,<br><br>Defendants. | Civil Action No. 2:18-cv-03326-RMG<br>(Consolidated with 2:18-cv-3327-RMG)<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Plaintiffs' Motion to Compel Federal Defendants to Complete the Administrative Record (Dkt. No. 347). For the reasons below, the Court grants in part and denies in part the motion.

**I.   Background**

On December 11, 2018, two cases were filed challenging the decision of the National Marine Fisheries Service ("NMFS") to issue incidental harassment authorizations ("IHAs") to five companies to conduct seismic airgun surveys for oil and gas in the coastal waters of the Mid- and South Atlantic Ocean. As alleged in the Complaint, once the Bureau of Ocean Energy Management ("BOEM") issues permits to the five companies, they will be able to begin seismic airgun surveys. (Dkt. No. 1 at ¶ 99.) The Plaintiffs, nine environmental organizations ("Environmental Organization Plaintiffs"), seek declaratory relief that the Defendants violated the Marine Mammal Protection Act ("MMPA"), the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). Plaintiffs further request that the Court vacate three agency actions authorizing the surveys and enjoin Defendants from authorizing takings of marine mammals incidental to the airgun surveys.

On December 28, 2018, the Court granted a motion to consolidate this case with a related case, *City of Beaufort et al. v. National Marine Fisheries Service*, 2:18-cv-3327-RMG, brought by sixteen South Carolina municipalities and the South Carolina Small Business Chamber of Commerce ("Municipality Plaintiffs"). (Dkt. No. 57.) The Court subsequently granted ten coastal states ("Intervenor States") the right to intervene as plaintiffs, and granted seven organizations, five of whom are the Exploratory Companies who received IHAs, the right to intervene as defendants. (Dkt. Nos. 117, 118.) Subsequently, all Plaintiffs moved for preliminary injunctions to enjoin the issuance of permits and seismic testing. (Dkt. Nos. 124, 143, 146, 148.) After it became clear that the BOEM permits were not "imminent," the Court denied without prejudice all motions, but granted Plaintiffs leave to refile their motions once the BOEM permits are issued or when there is other evidence of imminent irreparable harm. (Dkt. No. 348.)

This matter now comes before the Court on Plaintiffs' Motion to Compel completion of the administrative record. (Dkt. No. 347.) Specifically, the Environmental Organization and Municipality Plaintiffs allege that the administrative record compiled excludes broad categories of information and documents considered by NMFS when approving the IHAs for seismic airgun surveys and improperly excludes any documents determined to be predecisional or deliberative. (*Id.*) The Plaintiffs also request that the Federal Defendants be compelled to produce a privilege log for any documents being withheld under a claim of privilege. (*Id.*) The Federal Defendants oppose the motion, arguing that all predecisional and deliberative documents were properly excluded from the administrative record, the administrative record as certified is entitled to a presumption of regularity, and NMFS should not be required to provide a privilege log. (Dkt. No. 350.) Plaintiffs filed a reply. (Dkt. No. 351.)

**II.     Legal Standard**

The Administrative Procedures Act ("APA") provides for judicial review of a final agency action. *See, e.g. Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 629 n. 3 (4th Cir. 2017). Under the APA, an agency's decision must be set aside when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Review under this standard is highly deferential, with a presumption in favor of finding the agency action valid." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citations omitted). Nonetheless, the review is not a "rubber-stamp" of agency action, and a court must engage in a "'searching and careful' inquiry of the record." *Id.*

When reviewing an agency's decision, a court is instructed to review "the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706. The Supreme Court has made clear that this review must be made based on the "full administrative record that was before the [agency] at the time [it] made [the] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S. Ct. 814, 825 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980 (1977). *See Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct. 1241, 1244 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). As explained by multiple courts, including district courts in the Fourth Circuit, "[th]e whole administrative record includes pertinent but unfavorable information, and an agency may not exclude information on the ground that it did not 'rely' on that information in its final decision." *Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. CV ELH-16-1015, 2017 WL 3189446, at *7 (D. Md. July 27, 2017) *citing Tafas v. Dudas*, 530 F. Supp. 2d 786, 793 (E.D. Va. 2008). This means an agency must include all documents and materials "directly or indirectly" considered by the agency. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (stating that "the administrative record consists of

-3-

all documents and materials directly or indirectly considered by the agency."). *See also Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)("The whole administrative record ... consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position").

If an agency fails to produce a complete administrative record, a party may request that the record be supplemented. *Outdoor Amusement Bus. Ass'n, Inc.*, 2017 WL 3189446 at *12 *citing Otsuka Pharm. Co. v. Burwell*, No. GJH-15-852, 2015 WL 1579127 (D. Md. Apr. 8, 2015). An agency is "entitled to a strong presumption of regularity that it properly designated the administrative record," and therefore supplementation of the record is "the exception not the rule." *Id.* (citations omitted). Nonetheless, a plaintiff can overcome this presumption if they:

> (1) 'identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record,' and (2) 'identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record[.]'

*Id.* Where a party is attempting to include documents considered by the agency no showing of bad faith is required, and a plaintiff must only present "clear evidence," which means a "strong, substantial or prima facie showing that the record is incomplete." *Id.*

### III. Discussion

It is clear that Plaintiffs have, first, identified reasonable, non-speculative grounds that documents considered by NMFS were not included in the record and, second, properly identified specific excluded records. *Id.* While the Federal Defendants construe Plaintiffs' allegations as speculative, Plaintiffs, with specificity, identified documents that were considered "directly or indirectly" by the agency. *Bar MK Ranches*, 994 F.2d at 739. For example, Plaintiff's identified an email from BOEM ultimately sent to NMFS referencing an "attached memo regarding Atlantic seismic permit applications" that is not included in the record, a "seismic protocol attachment"

that is not included in the record, an "appendix on vessel strike avoidance measures," "duke data," and an "attachment" that was sent to a "right whale expert." (Dkt. Nos. 347-4 – 347-8.) These documents, referenced in agency communications when discussing the creation of the IHA at issue in this case, clearly identify other documents considered by the agency and necessitates supplementation of the record. To exclude these documents and any similar documents that have yet to be disclosed would, in effect, be creating an inaccurate record for the Court's ultimate review.

The Federal Defendants, however, argue that all excluded documents are not actually a part of the record and are, instead, properly excluded as "pre-decisional and deliberative documents" that are not included as part of an administrative record. (Dkt. No. 350 at 13.) However, the only documents properly not disclosed are documents that "fall within the deliberative process privilege." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008). While a document must be predecisional in order to be covered by the deliberative process privilege, not all predecisional documents are necessarily deliberative. *See Id.* at 800 ("Two requirements must be met in order for the deliberative process privilege to apply: (1) the document must be predecisional; and (2) it must be deliberative in nature.") Indeed, to hold otherwise would essentially remove all documents from an administrative record as the record inherently contains the documents created and reviewed before a decision. Nonetheless, courts have repeatedly recognized the importance of excluding deliberative materials from the review of agency decisions for two reasons: first, because the predecisional motivation of an agency is irrelevant as to the final decision; and, second, excluding deliberative materials permits frank internal discussions at agencies. *See Id.* at 794.

While the Parties argue over the scope of the deliberative process privilege, pointing to decisions from district courts in the Fourth Circuit, the Court also has the benefit of guidance from

Fourth Circuit decisions explicitly defining what constitutes agency deliberative material, albeit in the context of FOIA. In that context, the Fourth Circuit held explicitly that deliberative material includes "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *City of Virginia Beach, Va. v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993); *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1248 (4th Cir. 1994) (same); *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 329 (4th Cir. 2016) (same). These decisions, at the very least, provide the Court with a definition of "deliberative materials," which, if predecisional, are protected from inclusion in the administrative record.

However, there are two important caveats to this holding. First, deliberative materials are only those that reflect the "internal" deliberations in the agency. *See Outdoor Amusement Bus. Ass'n, Inc.,*, 2017 WL 3189446, at *14 *citing Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 13 (D.D.C. 2001) ("intra-agency memoranda and other such records ... need not be included in the record."). *See also In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279, 1279 (D.C. Cir. 1998) ("Agency deliberations not part of the record are deemed immaterial."); *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1549 (9th Cir. 1993) (stating that "neither the internal deliberative process of the agency nor the mental processes of individual agency members" are proper components of the administrative record). As the deliberative process privilege is concerned with an agency's own internal deliberations, all materials received from outside the agency or shared outside the agency, including to other governmental agencies, are not covered by the privilege. *See Ctr. for Biological Diversity v. Zinke*, No. 3:18-CV-00064-SLG, 2018 WL 8805325, at *4 (D. Alaska Nov. 16, 2018) ("When an agency obtains and considers materials from outside of that agency, or shares the

agency's documents with others outside the agency, including other governmental agencies, the deliberative process privilege does not apply. All such materials should be included within the administrative record."). Therefore, while predecisional recommendations, draft documents, proposals, suggestions and comments within NMFS are protected by the deliberative process privilege, communications with BOEM or other agencies, including information or memoranda, must be included in the administrative record.

Second, if internal agency documents introduce "factual information not otherwise in the record," an agency must include "those portions of the documents…in the administrative record." *Tafas*, 530 F. Supp. 2d at 794 *citing National Courier Ass'n v. Board of Governors*, 516 F.2d 1229, 1242 (D.C.Cir.1975). Therefore, here, where the Federal Defendants have taken an expansive view of the deliberative process privilege, to the extent documents covered by the privilege contain factual information considered as part of the agency's rulemaking process, those portions of the documents must be produced.

Therefore, the Court will order the Federal Defendants to produce, within forty-five (45) days, all memos, emails, attachments containing factual information relied on or considered, directly or indirectly. Further, the Federal Defendants must produce all emails, communications, memos or other information shared or received between agencies or with non-agency third-parties that were considered. All these emails, communications, memos or other information shared or received, including the emails already produced, so long as they were considered in the regulatory process, shall be part of the administrative record.

Finally, the Parties disagree over whether the Federal Defendants must produce a privilege log. The Federal Defendants are correct in terms of the contents of the administrative record: as deliberative materials go towards the subjective motivation of the decisionmakers, they are not

considered part of the administrative record and therefore courts have previously denied production of a privilege log. *See Outdoor Amusement Bus. Ass'n, Inc.*, 2017 WL 3189446, at *21. However, without an index of some sort there is no manner for the Plaintiffs, the Federal Defendants or the Court to know whether there are documents that should be included in the administrative record that have been improperly excluded. Indeed, in a recent case relied on extensively by the Federal Defendants, the Court was able to make its determination regarding the application of the deliberative process privilege only after reviewing the relevant documents. *See Id.* at *15 (" Upon review of the relevant documents, the Court concludes that they are quintessentially deliberative and/or predecisional material..."). Other courts similarly review documents when determining the proper scope of an administrative record. *See Ctr. for Biological*, 2018 WL 8805325, at *7 (reviewing five exhibits and other communications and emails when determining the scope of the administrative record). Finally, as noted by Plaintiffs, recent orders by Courts of Appeal, including the Fourth Circuit, have indicated support, though no binding authority, for requiring production of a privilege log for the purpose of determining whether the Federal Defendants properly excluded materials from the record. *See Defs. of Wildlife v. U.S. Dep't of Interior*, No. 18-2090 (4th Cir. Feb. 5, 2019) (directing government to "submit a privilege log in the event the Government withholds any documents under the guise of the deliberative process privilege (or any other privilege)"); *In re Nielsen*, No. 17-3345, slip op. at 2 (2d Cir. Dec. 27, 2017) (requiring Government to produce a privilege log and noting that "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege"). The Court is concerned that without a privilege log, the Court would have no way to evaluate assertions of privilege and whether documents were improperly excluded from the administrative record. Similarly, the Court would not be able to engage, if necessary, in the same review

conducted by the district courts in *Outdoor Amusement Bus. Ass'n, Inc.* and *Ctr. for Biological Diversity*, both cases relied upon by the Federal Defendants here. However, the documents contained in the privilege log, without further ruling, are not considered part of the administrative record. Therefore, the Federal Defendants are required to produce, within forty-five (45) days, a privilege log listing all documents withheld based on a claim of the deliberative process privilege.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Compel Federal Defendants to Complete the Administrative Record (Dkt. No. 347). The Motion is **GRANTED** and the Federal Defendants are **DIRECTED** to produce **WITHIN FORTY-FIVE (45) DAYS** all memos, emails and attachments containing factual information relied on or considered, directly or indirectly, including all emails, communications, memos or other information shared or received between agencies or with non-agency third-parties that were considered. The Motion is also **GRANTED** and the Federal Defendants are required to produce **WITHIN FORTY-FIVE (45) DAYS** a privilege log listing all documents withheld based on a claim of the deliberative process privilege. However, the documents in the Privilege Log **WILL NOT**, without further order, be considered part of the administrative record. The Motion is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 3, 2020
Charleston, South Carolina