IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al.,<br><br>    Defendants. | Civ. No. 2:18-cv-3326-RMG (Consolidated with 2:18-cv-3327-RMG)<br><br>**ENVIRONMENTAL PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO COMPLETE THE ADMINISTRATIVE RECORD** |

    Environmental Plaintiffs oppose Federal Defendants' motion for an eight-week delay in completing the administrative record. Delaying the record will further delay proceeding to the merits of this case. That makes it more likely that BOEM permits may issue before summary judgment is resolved, such that Plaintiffs will need to move for preliminary injunctive relief on a compressed schedule. Therefore, in the event the Court extends Federal Defendants' deadline, Environmental Plaintiffs request that the Court order Defendants to provide 30-days' notice to the Court and parties in advance of the issuance of BOEM permits, which would allow for the more orderly resolution of any motions for preliminary relief.

    Federal Defendants have repeatedly delayed the resolution of this case through piecemeal production of the administrative record. It has been nearly a year since Federal Defendants first erroneously certified that the administrative record was complete. *See* ECF 152-1. In the ensuing 11 months, NMFS has "supplemented" the Administrative Record three times, *see* ECF 344, 312-2, 261, and provided a fourth set of documents, made up of "staff-level communications between NMFS and the Bureau of Ocean Energy Management" that relate to the IHAs issued by

1

NMFS but which NMFS refused to consider part of the record, ECF 325-2.[1] And, as the Court found, the record is still incomplete. *See* ECF 352 at 7-8 (ordering Federal Defendants to produce by February 20, 2020, "all memos, emails, attachments containing factual information relied on or considered, directly or indirectly," including "all emails, communications, memos or other information shared or received between agencies or with non-agency third-parties that were considered").

It has been over a month since this Court's January Order. Federal Defendants now claim in their extension request that they have not even "complete[d]" "*gather*[*ing*]" the "responsive records." ECF 353-1 ¶ 3 (emphasis added). That is not a reasonable basis for an extension. These documents should have been gathered a year ago—before NMFS first certified the record, and long before the Court's January Order. As this Court explained, settled law makes clear that "the only documents properly not disclosed are documents that 'fall within the deliberative process privilege,'" which does not include materials communicated outside the agency or any portion of an otherwise privileged document that contains factual information. ECF 352 at 5-7 (quoting *Tafas v. Dudas,* 530 F. Supp. 2d 786, 794 (E.D. Va. 2008)); *see also* Order, *Defs. of Wildlife v. U.S. Dep't of Interior*, No. 18-2090 (4th Cir. Feb. 5, 2019). Thus, NMFS should have known since this case began that it was at least required to "gather" and review all the documents that are the subject of this Court's order. ECF 352.

In any event, Defendants' motion offers no adequate justification for such a lengthy delay. Federal Defendants do not estimate the number of documents at issue, nor do they make any attempt to gauge the time needed to review the documents they are just now compiling.

---

[1] Those documents should have been included initially, too. *See* ECF 352 at 7 ("[C]ommunications with BOEM or other agencies, including information or memoranda, must be included in the administrative record.").

2

Many of the tasks Federal Defendants enumerate—such as Bates numbering or uploading documents—are ministerial. Others are conspicuously opaque. *See* ECF 353-1 at ¶ 3 (noting a need to "organiz[e]" the documents). Finally, Defendants give no reason why the deadline set by this Court ought to yield, as they imply, to unspecified "deadlines" set by the Agency's own permitting priorities. *Id.* ¶ 4.

Federal Defendants' repeated foot-dragging with respect to the record in this case has gone on long enough. They should adhere to the Court-ordered deadline. At a minimum, an extensive, eight-week delay (requested last-minute, just one week before the deadline) is excessive.

Environmental Plaintiffs sought to resolve this dispute with Federal Defendants and responded within the one-business-day deadline Federal Defendants demanded. *See* ECF 353-2. Environmental Plaintiffs offered to consent to an extension of four weeks if Federal Defendants provided 30-days' notice of the issuance of permits from BOEM (in addition to the 30-days' notice permit-holders will be required to give in advance of seismic activity following issuance of the permits, *see* ECF 72-1 ¶ 9). *See* ECF 353-2. All other Plaintiffs likewise joined in this request for notice. *See* ECF 353 ¶ 5.

Environmental Plaintiffs' aim is the orderly resolution of the significant claims at issue in this case. This Court's review of Plaintiffs' claims should be on the basis of "the whole record," 5 U.S.C. § 706, and so Environmental Plaintiffs have endeavored to compel the production of that "whole record" before moving for summary judgment. But Federal Defendants' year-long and still-ongoing delay in completing the record has impeded that effort. The delay has also increased the likelihood that BOEM will issue permits before summary judgment can be resolved, such that Plaintiffs will be required to file another motion for a preliminary injunction.

If Federal Defendants continue to delay the production of the record, Environmental Plaintiffs request that, at the least, Federal Defendants provide notice to the Court and parties in advance of the BOEM permits issuing. That would ensure adequate time for the orderly resolution of any preliminary injunction motion—a motion made more likely by Defendants' continued delay. Federal Defendants' objection that the 30-day notice is "unrelated" to their extension request, ECF 353 at ¶ 5, is meritless.

Nor is there merit to Defendants' objection that BOEM is not a party to the case. *Id.* This Court has previously recognized that BOEM, while not yet a party, is nevertheless a highly relevant third party, and specifically that counsel for the Federal Defendants may be asked to provide relevant information from BOEM as appropriate. *See* ECF 75 at 2 n.1 (noting that counsel for the Federal Defendants filed an affidavit from the Acting Director of BOEM regarding what notice period would *follow* issuance of BOEM permits); *id.* at 3 (noting that counsel for the Federal Defendants, responding to a direction from this Court, represented whether BOEM would act on pending permit applications during the government shutdown). Simply because BOEM is not a party does not mean that counsel for Federal Defendants cannot be asked to provide relevant information from another client agency, particularly when such information will facilitate the orderly resolution of this case and when that agency is a cooperating agency on environmental approvals at issue here.

Environmental Plaintiffs therefore request that the Court require Federal Defendants to provide 30-days' notice prior to the issuance of BOEM permits, in the event that those permits issue before a motion for summary judgment can be briefed and resolved. This would allow the

parties and the Court 60 days, rather than 30,[2] to brief and decide a motion for preliminary relief before seismic activity begins.

***

Environmental Plaintiffs respectfully request that this Court deny Federal Defendants' eight-week extension request. To the extent any extension is granted, it should be conditioned on Federal Defendants providing Plaintiffs and the Court with 30-days' notice of BOEM permits issuing, which will facilitate the orderly adjudication of a motion for a preliminary injunction, the need for which is made more likely by Defendants' delay.

Dated: February 14, 2020                                         Respectfully submitted,

 s/ Catherine M. Wannamaker
Catherine M. Wannamaker (Bar No. 12577)
Southern Environmental Law Center
463 King Street, Suite B
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
Email: cwannamaker@selcsc.org

Blakely E. Hildebrand (PHV)
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
Email: bhildebrand@selcnc.org

*Counsel for Plaintiffs South Carolina Coastal Conservation League, Defenders of Wildlife, North Carolina Coastal Federation, and One Hundred Miles*

Mitchell S. Bernard (PHV)
Gabriel J. Daly (PHV)
Natural Resources Defense Council
40 West 20th Street
New York, NY
Telephone: (212) 727-4469
Facsimile: (415) 795-4799
Email: mbernard@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*

---

[2] As noted above, the Government will require that permit recipients provide 30-days' notice following the issuance of BOEM permits before conducting seismic activity. *See* ECF 72-1 ¶ 9.

Thomas J. Perrelli (PHV)
Patrick W. Pearsall (PHV)
Jennifer J. Yun (PHV)
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6004
Facsimile: (202) 639-6066
Email: tperrelli@jenner.com

*Counsel for Plaintiff Oceana*

Kristen Monsell (PHV)
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
Telephone: (510) 844-7137
Facsimile: (510) 844-7150
Email: kmonsell@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*

Stephen D. Mashuda (PHV)
Earthjustice
705 2nd Avenue, Suite 203
Seattle, WA 98104
Telephone: (206) 343-7340
Facsimile: (206) 343-1526
Email: smashuda@earthjustice.org

Brettny Hardy (PHV)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Telephone: (415) 217-2000
Facsimile: (415) 217-2040
Email: bhardy@earthjustice.org

*Counsel for Plaintiffs Surfrider Foundation and Sierra Club*