UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE; et al.,<br><br>Plaintiffs<br><br>v.<br><br>WILBUR ROSS, in his official capacity as the Secretary of Commerce; et al.,<br><br>Defendants | Civil Action No. 2:18-cv-03326-RMG (Consolidated with 2:18-cv-3327-RMG)<br><br>**INTERVENOR-DEFENDANTS' RESPONSE RE PLAINTIFFS' REQUEST FOR 30-DAYS-NOTICE OF THE ISSUANCE OF PERMITS** |

1.      Intervenor-Defendants International Association of Geophysical Contractors ("IAGC"), CGG Services (U.S.) Inc., GX Technology Corporation, Spectrum Geo Inc., TGS-NOPEC Geophysical Company, WesternGeco LLC, and American Petroleum Institute, object to any order that would require the Bureau of Ocean Energy Management ("BOEM") to provide advance notice prior to issuing geological and geophysical ("G&G") permits to IAGC's members.[1]  This advance notice relief amounts to an injunction against BOEM, and such an injunction is both unnecessary and inappropriate under the circumstances.

2.      Principally, such relief is unwarranted because BOEM has already stated that the G&G permits, if and when they issue, will contain a condition requiring 30-days-notice prior to the commencement of any survey.  Specifically, BOEM represented that:

> If, on or after March 1, [2019,] BOEM ultimately issues
> any permit for G&G activities on the Atlantic OCS, BOEM
> will require as a condition of approval that the permittee

---

[1] Intervenor-Defendants take no position on Federal Defendants' request for an extension of time.

INTERVENOR-DEFENDANTS' RESPONSE
RE REQUEST FOR 30-DAYS-NOTICE                                                        - 1 -

105366232.1 0081381-00014

> submit a notice to BOEM announcing when the permittee plans to initiate survey activities.  The permittee must submit the **notice at least 30 days prior to conducting any activities under the permit**.

*See* Declaration of Walter D. Cruickshank at ¶ 9 (ECF No. 72-1) (emphasis added).

Environmental Plaintiffs, therefore, will already receive 30-days-notice *before* any exploration activity will take place under the G&G permits.  Plaintiffs do not explain why this 30-day period is insufficient or why *another* 30-days-notice is needed.

3.        Furthermore, Plaintiffs' requested relief amounts to an unwarranted injunction against a non-party, BOEM.  "[A]n injunction is a judicial process or mandate operating *in personam* by which, upon certain established principles of equity, a party is required to do or refrain from doing a particular thing."  *See* INJUNCTION, Black's Law Dictionary (11th ed. 2019).  Plaintiffs seek such injunctive relief by asking for an order requiring BOEM to give advance notice of agency action.  The All Writs Act, 28 U.S.C. § 1651(a), is the only apparent source of this Court's authority to issue such an injunction.  But "[t]hat authority is to be used sparingly and only in the most critical and exigent circumstances."  *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (internal quotations and citation omitted).  No such exigent circumstances are present here and the Environmental Plaintiffs identify none.  Accordingly, there is no basis to grant injunctive relief against BOEM and impose *another* 30-day notification requirement in addition to what BOEM is requiring the permittee to provide.  If and when BOEM issues permits, Plaintiffs will have ample time to refile their request for preliminary injunction, as this Court expressly invited them to do.  ECF No. 348 at 3.

4.        Lastly, Plaintiffs' request for 30-days-notice prior to the issuance of G&G permits unfairly burdens the prospective permit holders.  The IAGC members in this lawsuit have incidental harassment authorizations ("IHAs") issued by Federal Defendants that last for only

two years.  More than half of that two-year period has expired without BOEM issuing G&G

permits.  Of the few months remaining on the IHAs, one month is already committed by BOEM

to its 30-day notice provisions.  Plaintiffs' request for another 30 day-notice provision further

limits the utility of the IHAs, prejudicing the utility of those authorizations.

In short, the Plaintiffs have requested extraordinary relief in the form of an injunction

against a federal agency that is not even a party to this lawsuit.  Plaintiffs have demonstrated no

legal basis or equitable need for such extraordinary relief, and their request should be denied.

DATED:  February 18, 2020.                    Respectfully submitted,


s/Sean D. Houseal
Richard Morton, Fed. Id. No. 5442
Sean Houseal, Fed. Id. No. 7676
WOMBLE BOND DICKINSON (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202-6037
5 Exchange Street
Charleston, SC  29401
Telephone:  704-331-4993
                    843-720-4622
Facsimile:   843-723-7398
Email:  Ric.Morton@wbd-us.com
Email: Sean.Houseal@wbd-us.com


Ryan P. Steen, Admitted *Pro Hac Vice*
Jason T. Morgan, Admitted *Pro Hac Vice*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: 206-624-0900
Facsimile: 206-386-7500
Email: ryan.steen@stoel.com
            jason.morgan@stoel.com

*Counsel for Intervenor-Defendants*