UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., <br><br> Plaintiffs, <br><br> and <br><br> State of South Carolina, ex rel Alan Wilson, Attorney General, <br><br> Intervenor <br><br> v. <br><br> WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., <br><br> Defendants. | Civ. No. 2:18-cv-3326-RMG <br><br> (Consolidated with 2:18-cv-3327-RMG) <br><br> **FEDERAL DEFENDANTS' ANSWER TO COMPLAINT-IN-INTERVENTION** |

Federal Defendants, the National Marine Fisheries Service ("NMFS"), Chris Oliver, and Wilber Ross, hereby answer the allegations contained in Intervenor State of South Carolina's Complaint-in-Intervention (ECF No. 123) ("Complaint") as follows. The numbered paragraphs of this answer correspond to the numbered paragraphs in Intervenors' Complaint. Defendants specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied by this Answer.

1. Federal Defendants admit that on November 18, 2018, NMFS issued five incidental harassment authorizations ("IHAs") and it issued a Biological Opinion, Finding of No Significant Impact, and Environmental Assessment before it issued those IHA. The remaining allegations in Paragraph 1 consist of Intervenors' characterization of their claims, to which no response is required.

1

2. The allegations in Paragraph 2 are too vague and conclusory for Federal Defendants to form a response; they are denied on that basis.

3. The allegations in Paragraph 3 are too vague and conclusory for Federal Defendants to form a response; they are denied on that basis.

4. The allegations in Paragraph 4 purport to characterize NMFS's IHAs, which speak for themselves and are best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the IHAs, they are denied.

5. Federal Defendants lack sufficient information to affirm or deny the allegations in Paragraph 5, and on that basis deny them.

6. Federal Defendants lack sufficient information to affirm or deny the allegations in Paragraph 6, and on that basis deny them.

7. The allegations in Paragraph 7 are too vague and conclusory for Federal Defendants to form a response; they are denied on that basis.

8. Federal Defendants deny the allegations in the first sentence of Paragraph 8. Federal Defendants lack sufficient information to affirm or deny the remaining allegations in Paragraph 8, and on that basis deny them.

9. Federal Defendants deny the allegations in the first sentence of Paragraph 9. Federal Defendants lack sufficient information to affirm or deny the remaining allegations in Paragraph 9, and on that basis deny them.

10. Federal Defendants deny the allegations in Paragraph 10.

11. Federal Defendants lack sufficient information to deny or admit the allegations in Paragraph 11 and deny them on that basis.

12. Federal Defendants hereby incorporate their responses to Paragraphs 11 -31 of Plaintiffs' Complaint (ECF No. 253).

13. Federal Defendants hereby incorporate their responses to Paragraphs 32 -34 of Plaintiffs' Complaint (ECF No. 253).

14. Federal Defendants hereby incorporate their responses to Paragraphs 35 and 36 of Plaintiffs' Complaint (ECF No. 253).

15. Federal Defendants hereby incorporate their responses to Paragraphs 37 -39 of Plaintiffs' Complaint (ECF No. 253).

16. Federal Defendants hereby incorporate their responses to Paragraphs 40 -46 of Plaintiffs' Complaint (ECF No. 253).

17. Federal Defendants hereby incorporate their response to Paragraph 47 of Plaintiffs' Complaint (ECF No. 253).

18. Federal Defendants hereby incorporate the responses set forth above.

19. Federal Defendants hereby incorporate their response to Paragraphs 49-75 of Plaintiffs' Complaint (ECF No. 253).

20. The allegations in Paragraph 20 are too vague, speculative and conclusory for Federal Defendants to form a response; they are denied on that basis.

21. The allegations in Paragraph 21 are too vague, speculative and conclusory for Federal Defendants to form a response; they are denied on that basis.

22. The allegations in Paragraph 22 are too vague, speculative and conclusory for Federal Defendants to form a response; they are denied on that basis.

23. The allegations in the first and second sentences of Paragraph 23 purport to characterize the Constitution and OSCLA, which speak for themselves and are best evidence of

their contents. To the extent the allegations are inconsistent with the plain language and meaning of those documents, they are denied. The remaining allegations in Paragraph 23 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

24. Federal Defendants admit that Executive Order 13,795 was issued on April 28, 2017. The remaining allegations in the first and second sentences of Paragraph 24 purport to characterize Executive Order 13,795, which speak for themselves and are best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of the order, they are denied. The remaining allegations in Paragraph 24 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

25. The allegations in Paragraph 25 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

26. The allegations in Paragraph 26 are denied.

27. Federal Defendants hereby incorporate the responses set forth above.

28. Federal Defendants hereby incorporate their response to Paragraphs 77-92 of Plaintiffs' Complaint (ECF No. 253).

29. Federal Defendants deny the allegations in Paragraph 29.

30. Federal Defendants hereby incorporate the responses set forth above.

31. Federal Defendants hereby incorporate their response to Paragraphs 95-100 of Plaintiffs' Complaint (ECF No. 253).

32. The allegations in the first sentence of Paragraph 32 purport to characterize NMFS's Biological Opinion, which speaks for itself and is best evidence of its contents. To the

extent the allegations are inconsistent with the plain language and meaning of the opinion, they are denied. Federal Defendants deny the remaining allegations in Paragraph 32.

33.     Federal Defendants hereby incorporate the responses set forth above.

34.     Federal Defendants hereby incorporate their response to Paragraph 103 of Plaintiffs' Complaint (ECF No. 253).

35.     The allegations in the first sentence of Paragraph 35 purport to characterize NMFS's Biological Opinion, which speaks for itself and is best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the opinion, they are denied. Federal Defendants deny the remaining allegations in Paragraph 35.

36.     Federal Defendants hereby incorporate the responses set forth above.

37.     Federal Defendants hereby incorporate their response to Paragraphs 106-114 of Plaintiffs' Complaint (ECF No. 253).

38.     The allegations in Paragraph 38 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

39-42.  Intervenors' common law public nuisance claim has been dismissed by order of the Court (ECF No. 355). No response is therefore required.

43-44.  Intervenors' trespass claim has been dismissed by order of the Court (ECF No. 355). No response is therefore required.

45.     Federal Defendants hereby incorporate the responses set forth above.

46.     The allegations in the first and fourth sentences of Paragraph 46 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied. The remaining allegations in Paragraph 46 purport to characterize OCSLA, which

5

speaks for itself and is best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of OCSLA, they are denied.

47-48.  Intervenors' Admiralty claim has been dismissed by order of the Court (ECF No. 355).  No response is therefore required.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes of Intervenors' request for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Intervenors are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Federal Defendants assert the following defenses to the claims made in Intervenors' Complaint:

1. The Court lacks subject matter jurisdiction over some or all of Intervenors' claims.
2. Intervenors lack standing to bring some or all of their claims.
3. Some or all of Intervenors' claims fail to state a claim upon which relief can be granted.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Intervenors, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 3rd day of March, 2020.

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General
        Environment and Natural Resources Division
        SETH M. BARSKY, Chief
        MEREDITH L. FLAX, Assistant Chief

        ALISON C. FINNEGAN, Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: (202) 305-0500; Fax: (202) 305-0275
        Email: alison.c.finnegan@usdoj.gov

        PRERAK SHAH
        Deputy Assistant Attorney General
        LISA L. RUSSELL, Chief
        GUILLERMO MONTERO, Assistant Chief

        /s/ Marissa A. Piropato
        MARISSA A. PIROPATO
        Sr. Trial Attorney, MA Bar No. 651630
        United States Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        Ben Franklin Station, P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: (202) 305-0470; Fax: (202) 305-0506
        Email: marissa.piropato@usdoj.gov

        *Counsel for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2020, I electronically filed the foregoing answer with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

      /s/ *Marissa Piropato*