UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., | ) ) ) Civ. No. 2:18-cv-3326-RMG |
| Plaintiffs, | ) ) (Consolidated with 2:18-cv-3327-RMG) |
| v. | ) ) **MOTION FOR ENTRY OF A RULE 502(D)** |
| WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., | ) **ORDER** ) ) |
| Defendants. | ) ) |

      Federal Defendants, the National Marine Fisheries Service ("NMFS") et al., pursuant to Rules 7.01 and 7.05 of the Local Civil Rules of the District of South Carolina, hereby move this Court for an order pursuant to Federal Rule of Evidence 502(d). As described below, the proposed order is intended to reduce the time, expense, and other burdens associated with certain aspects of complying with this Court's January 6, 2020 Order on Plaintiffs' motion to complete the administrative record, and to define the scope of the Parties' obligations with respect to privileged materials.

      1.      In this case, Plaintiffs challenge the incidental harassment authorizations issued by NMFS to five companies – CGG Services (U.S.) Inc., ION GeoVentures, Spectrum Geo Inc., TGS-NOPEC Geophysical Company, and WesternGeco LLC. Plaintiffs also challenge the Environmental Assessment and Biological Opinion prepared by NMFS in relation to those authorizations.

      2.      On August 22, 2019, Plaintiffs filed a motion to compel Federal Defendants to complete the administrative record (ECF 347), which Federal Defendants opposed (ECF 350).

On January 6, 2020, the Court entered an Order and Opinion, granting in part, and denying in part, Plaintiffs' motion. ECF 352. The Court directed Federal Defendants to produce within 45 days "all memos, emails and attachments containing factual information relied on or considered, directly or indirectly, including all emails, communications, memos or other information shared or received between agencies or with non-agency third-parties that were considered." *Id*. at 9. The Court also directed Federal Defendants to produce within 45 days "a privilege log listing all documents withheld based on a claim of the deliberative process privilege." *Id*. The 45-day deadline was set to expire on February 20, 2020. On February 12, Federal Defendants filed a motion for extension of time to comply with the Court's January 6, 2020 Order. ECF 353. On February 19, 2020, the Court granted that motion in part, extending the time for Federal Defendants to comply with the Court's January 6, 2020 Order until March 31, 2020. ECF 359.

3.   In light of the Court's January 6, 2020 Order on Plaintiffs' motion to complete the administrative record, Federal Defendants must collect, review, and disclose large quantities of information and documents, including electronically stored information, in order to complete the administrative record. ECF 353-1 ¶ 3. Although the Court's January 6, 2020 Order did not address Federal Defendants' obligation with regard to documents protected by the attorney-client privilege and attorney-work product privilege, Federal Defendants also are reviewing the documents that they are gathering for those and other applicable privileges, as explained in their motion for extension of time. ECF 353 ¶ 3. The review is being carried out by attorneys in NOAA's Office of General Counsel. ECF 353-1 ¶ 4. With just two attorneys assigned to this litigation, *id*., Federal Defendants anticipate that the privilege review will require a significant amount of time and attention. As a result, page-by-page pre-production privilege review would

likely impose an undue burden on Federal Defendants in light of the pending March 31, 2020 deadline set by the Court.

4. Through this motion, Federal Defendants seek to reduce the time and burden associated with carrying out that review, particularly as it relates to privileged materials. Thus, Federal Defendants seek to invoke the protections afforded by Rule 502(d) of the Federal Rules of Evidence so that the provisions in Rule 502(b) do not apply to the disclosure of communications or information in connection with this litigation. Granting this motion also will streamline further proceedings in this case by eliminating and/or reducing disputes over claims of privilege.

5. A federal court may order that the attorney-client privilege or work product privilege is not waived by disclosure connected with the litigation pending before the court, in which event the disclosure is also not a waiver in any other federal or state proceeding. Fed. R. Evid. 502(d). Such orders may be entered whether on motion of one or more parties or on the Court's own motion. *See* Federal Rule of Evidence 502, Adv. Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence.

6. Federal Defendants understand that they are entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that they can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, Federal Defendants request that the Court enter an order pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in connection with this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product

protection that they would otherwise be entitled to assert with respect to the information or documents and their subject matter.

7. Federal Defendants further request that the Court order that, because expedited or truncated privilege review of the significant volume of documents at issue is necessary for the just, speedy, and inexpensive resolution of this matter (Fed. R. Civ. P. 1), the disclosure of privileged or protected information or documents in connection with this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not constitute a waiver of the Federal Defendants' right to claim any privilege or protection that would have applied to the information or documents or their subject matter but for the disclosure, provided that Federal Defendants employed procedures reasonably designed to screen out privileged materials.

8. Federal Defendants also request that the Court include a provision that, regardless of whether the procedures to screen out privileged materials were reasonable, no party shall argue, in this forum or any other, that any privileges were waived as a result of inadvertent disclosures in this litigation.

9. Under the terms of the proposed order, if Federal Defendants determine that their supplement to the administrative record includes a document over which they wish to make a claim of privilege, they shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document and the date it was produced. If Federal Defendants claim that only a portion of a document is privileged, they shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. By complying with the procedures

outlined in this paragraph, Federal Defendants will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

10.     The proposed order further provides that, if a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege.  Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with Paragraph 8 above within five business days of receiving notice from the identifying Party.

11.     As set forth in the proposed order, upon receiving notice of a claim of privilege on a produced document, the receiving Party shall promptly sequester the specified information and any copies it has and shall not use or disclose the information until the claim is resolved.  If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

12.     The proposed order contains a provision stating that, absent an order expressly stating otherwise, a Party may make derivative use of, and may pursue leads suggested by, any privileged information inadvertently disclosed in connection with this litigation that was known to the Party before duty arose to return, sequester, or destroy the privileged information.  The receipt of inadvertently disclosed privileged information shall not be the basis for disqualifying counsel from this action absent a showing of bad faith in receiving the information.

13.     If a Party wishes to dispute a claim of privilege asserted under this Order, it shall first confer with the Party asserting the claim of privilege as required by Local Rule 7.02.  If the

Parties are unable to resolve the dispute, the Party disputing the claim of privilege shall, within 14 days of the conclusion of the conferral process, move the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Paragraph 10, *supra*, and may promptly present the information to the Court under seal for a determination of the claim as set forth in Local Rule 5.03. The Party shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

14. The Parties may stipulate to extend the time periods specified in Paragraphs 8, 9, or 12 above.

15. Nothing in the proposed order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

16. The proposed order further provides that the Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to Paragraph 12, *supra*, of establishing the applicability of the claimed privilege by a preponderance of the evidence.

17. Finally, the proposed order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

18. Counsel for Federal Defendants have conferred with counsel for the other parties regarding the relief requested in this motion. Counsel for the following parties have advised that they do not consent to the relief sought: Plaintiffs South Carolina Coastal Conservation League et al.; Plaintiffs City of Beaufort et al.; Intervenor-Plaintiffs the State of Maryland et al. (through

counsel for the State of Maryland); and Intervenor-Plaintiff State of South Carolina. *See* Exhibit A hereto. Intervenor-Defendants do not oppose the relief sought.

19. The proposed order will reduce the time and burden associated with Federal Defendants' ongoing work to comply with the Court's January 6, 2020 Order. Further, the proposed order will streamline the remaining proceedings in this case by providing the parties with certainty and "predictability" through established processes and procedures that the parties must follow in the event of an inadvertent disclosure of privileged materials. Fed. R. Evid. 502(d), Adv. Committee Notes, Explanatory Note to 2007 Revision.

WHEREFORE, the Federal Defendants request that this Court grant this motion and enter the proposed order.

Respectfully submitted this 9th day of March, 2020.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

By:  /s/ Alison C. Finnegan
ALISON C. FINNEGAN, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
Email: alison.c.finnegan@usdoj.gov

PRERAK SHAH
Acting Deputy Assistant Attorney General
LISA RUSSELL, Chief
GUILLERMO MONTERO, Assistant Chief

/s/ Marissa A. Piropato
MARISSA A. PIROPATO
Sr. Trial Attorney, MA Bar No. 651630

                United States Department of Justice
                Environment & Natural Resources Division
                Natural Resources Section
                Ben Franklin Station, P.O. Box 7611
                Washington, D.C. 20044-7611
                Tel: (202) 305-0470; Fax: (202) 305-0506
                Email: marissa.piropato@usdoj.gov

*Counsel for Federal Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 9, 2020, I electronically filed the foregoing Federal Defendants' Motion for Entry of a Rule 502(d) Order with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                    /s/ Alison C. Finnegan