IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al.,<br><br>  Defendants. | Civ. No. 2:18-cv-3326-RMG (Consolidated with 2:18-cv-3327-RMG)<br><br>**ENVIRONMENTAL PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR A 502(d) ORDER** |

  Environmental Plaintiffs oppose Federal Defendants' motion for entry of an order pursuant to Federal Rule of Evidence 502(d). ECF 362 (the Motion). In their proposed order, ECF 362-2 (the Proposed Order), Federal Defendants seek to eliminate, for no legitimate reason, their obligation to act reasonably and promptly when producing potentially privileged material. The Proposed Order seeks to offload the burden of privilege review onto Plaintiffs and end-run this Court's decision allowing Federal Defendants a five-week extension—but no more. The Proposed Order's procedures and presumptions would substantially prejudice Plaintiffs' anticipated motion for summary judgment.

  Plaintiffs and their counsel will abide by their obligations under the Federal Rules of Evidence and Civil Procedure and applicable professional ethics rules. Those obligations include promptly returning, sequestering, or destroying any produced material that is subject to a claim of attorney-client privilege or work product protection, following notice that such material has been inadvertently disclosed. *See* Fed. R. Civ. P. 26(b)(5)(B); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2016.7 (3d ed. 2019). Plaintiffs likewise expect that

1

Federal Defendants will abide by their own obligations under the Federal Rules, which include taking reasonable steps to prevent disclosure of privileged information and promptly notifying Plaintiffs of any inadvertent disclosures. *See* Fed. R. Civ. P. 26(b)(5)(B); Fed. R. Evid. 502(b). Plaintiffs would have considered a reasonable proposal that did not so markedly depart from these obligations.

Federal Defendants now ask this Court to do away with the obligations of Federal Rule of Evidence 502(b), *see* Motion ¶ 4, with no legitimate rationale, and to Plaintiffs' substantial detriment. The Proposed Order will unduly prejudice Plaintiffs in two ways.

*First*, under the Proposed Order, Federal Defendants' production of a privileged document will automatically be deemed "inadvertent." Proposed Order ¶ 2. That is so regardless of the circumstances of disclosure, *id.* ¶¶ 2-3, 8, even though such circumstances are normally a factor in determining whether a disclosure is inadvertent or constitutes a waiver, *see, e.g.*, *Adelman v. Coastal Select Ins. Co.*, No. 9:17-CV-3356-DCN, 2019 WL 465600, at *4 (D.S.C. Feb. 6, 2019); *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 718-20 (E.D. Va. 2010), *aff'd*, 442 F. App'x 752 (4th Cir. 2011); *Fed. Deposit Ins. Corp. v. Marine Midland Realty Credit Corp.*, 138 F.R.D. 479, 482 (E.D. Va. 1991); *see also In re Grand Jury Proceedings*, 727 F.2d 1352, 1356 (4th Cir. 1984) ("'Taking or failing to take precautions may be considered as bearing on intent' to preserve confidentiality."). Likewise, Federal Defendants ask for all disclosures to be deemed "inadvertent" even if the government's screening process is in fact unreasonable. Proposed Order ¶ 3. And under the Proposed Order, Federal Defendants need not "promptly" take *any* steps to rectify their errors, *see* Fed. R. Evid. 502(b)(3); rather, the Proposed Order would allow them to sit on a claim of privilege for 14 days after reaching a determination that a document is privileged, *whenever* such a determination is made. Proposed Order ¶ 4.

Federal Defendants apparently believe their extraordinary request is warranted because of some exigency. But Federal Defendants have never asked for such protections before, and there is no reason to characterize their current review as "expedited or truncated." *Id.* ¶ 2. Any exigency Federal Defendants may suffer now is entirely of their own making because Federal Defendants were obligated to produce a complete administrative record on March 12, 2019—a year ago. *See* ECF 152-1. Indeed, the Court has already determined that the five-week extension it granted Federal Defendants—on top of the 45 days the government already had for this production after the Court's order—is "sufficient" for this production. ECF 359 at 2. Federal Defendants have failed to demonstrate otherwise. And given that the current effort to complete the record retreads all-too-familiar territory, *see* ECF 261, 312-1, 325-2, 344, Federal Defendants should *already* have in place a process for screening this (still-unquantified) batch of documents for privilege with reasonable accuracy and speed.

*Second*, the Proposed Order prejudices Plaintiffs' anticipated motion for summary judgment. Plaintiffs' deadline to file for summary judgment is five weeks from Federal Defendants' production deadline. *See* ECF 343. In the ordinary course, a privilege holder must take reasonable steps to rectify its inadvertent disclosures, and must do so "promptly," or risk waiving applicable privileges. Fed. R. Evid. 502(b). The Proposed Order, by eliminating Federal Defendants' risk of waiver due to unreasonableness or delay, would extend indefinitely the period in which the government could raise claims of privilege. The Proposed Order "deem[s]" Federal Defendants to have taken reasonable steps to rectify their disclosures regardless of what steps they actually take, as long as they notify the parties within fourteen days of making a privilege determination. Proposed Order ¶ 4. Depending on the circumstances, that may well *not* be "reasonable." There is simply no reason why the government should have fourteen days from

3

discovering an inadvertently-produced document before notifying Plaintiffs of that fact and yet be immunized from any consequences of that delay, no matter the context. *Id.*

This Proposed Order removes any incentive for the Federal Defendants to take reasonable measures to prevent disclosure of privileged information or promptly recover such information. In the midst of Plaintiffs' summary judgment briefing, Federal Defendants could attempt to claw back a document they claim to have inadvertently disclosed. The Proposed Order would prevent Plaintiffs from claiming waiver even if Federal Defendants' efforts to identify the document during production were unreasonable, their efforts to rectify the disclosure were unreasonable, and their notice to Plaintiffs untimely. And if Federal Defendants' notice were delayed, any dispute about the document would likely interfere with (and prolong) the parties' summary judgment briefing. Federal Defendants could raise claims of privilege on the eve of Plaintiffs' own filing and under the Proposed Order Plaintiffs still could not claim that the process had been unreasonable. That is no way to "secure the just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1.

To justify the substantial prejudice the Proposed Order would impose, Federal Defendants argue that it will reduce—for themselves—the "burden" of complying with the Court's order. Motion ¶ 19. Federal Defendants also allude vaguely to "reducing disputes over claims of privilege," *id.* ¶ 4, but the Proposed Order will not affect disputes over claims of privilege other than by delaying them and unfairly hampering Plaintiffs' ability to argue in favor of waiver regardless of the circumstances.

At bottom, the Proposed Order is a further attempt to delay completion of the administrative record by dragging out Federal Defendants' ability to claim privilege indefinitely, without any fear of waiver. Federal Defendants' one-sided invocation of Federal Rule of

Evidence 502(d) (which is intended to facilitate parties' mutual agreements to reduce the costs of e-discovery in civil litigation, *see* Fed. R. Evid. 502, Note) to excuse its continued delay should be rejected.[1]

***

Environmental Plaintiffs respectfully request that this Court deny Federal Defendants' request for entry of the Proposed Order.

Dated: March 12, 2020                                      Respectfully submitted,

 s/ Catherine M. Wannamaker
Catherine M. Wannamaker (Bar No. 12577)        Mitchell S. Bernard (PHV)
Southern Environmental Law Center              Gabriel J. Daly (PHV)
463 King Street, Suite B                        Natural Resources Defense Council
Charleston, SC 29403                            40 West 20th Street
Telephone: (843) 720-5270                       New York, NY
Facsimile: (843) 414-7039                       Telephone: (212) 727-4469
Email: cwannamaker@selcsc.org                   Facsimile: (415) 795-4799
                                                Email: mbernard@nrdc.org
Blakely E. Hildebrand (PHV)
Southern Environmental Law Center              *Counsel for Plaintiff Natural Resources*
601 West Rosemary Street, Suite 220            *Defense Council*
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
Email: bhildebrand@selcnc.org

*Counsel for Plaintiffs South Carolina Coastal*
*Conservation League, Defenders of Wildlife,*
*North Carolina Coastal Federation, and One*
*Hundred Miles*

---

[1] To the extent this Court believes it necessary to enter any order pursuant to Rule 502(d), Environmental Plaintiffs respectfully request that such an order make explicit that it is applicable to claims of attorney-client privilege and work-product protection *only*. Plaintiffs understand the Proposed Order to be so limited, although parts of the order are ambiguous. *Compare* Proposed Order ¶ 1, *with id.* ¶ 2.

5

Thomas J. Perrelli (PHV)
Patrick W. Pearsall (PHV)
Jennifer J. Yun (PHV)
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6004
Facsimile: (202) 639-6066
Email: tperrelli@jenner.com

*Counsel for Plaintiff Oceana*

Kristen Monsell (PHV)
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
Telephone: (510) 844-7137
Facsimile: (510) 844-7150
Email: kmonsell@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*

Stephen D. Mashuda (PHV)
Earthjustice
705 2nd Avenue, Suite 203
Seattle, WA 98104
Telephone: (206) 343-7340
Facsimile: (206) 343-1526
Email: smashuda@earthjustice.org

Brettny Hardy (PHV)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Telephone: (415) 217-2000
Facsimile: (415) 217-2040
Email: bhardy@earthjustice.org

*Counsel for Plaintiffs Surfrider Foundation and Sierra Club*