UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., | ) ) Civ. No. 2:18-cv-3326-RMG |
| Plaintiffs, | ) ) (Consolidated with 2:18-cv-3327-RMG) |
| v. | ) ) **FEDERAL DEFENDANTS' REPORT ON COURT-ORDERED CONSULTATION WITH THE PARTIES AND REPLY IN SUPPORT OF MOTION FOR ENTRY OF A RULE 502(D) ORDER** |
| WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., | ) ) ) ) |
| Defendants. | ) ) |

Federal Defendants moved for entry of a Rule 502(d) order to define the scope of the parties' obligations with respect to privileged materials and establish certainty and predictability by setting out a process that would significantly reduce disputes about waiver of the attorney-client and attorney work product privilege. This is consistent with Rule 502's general purpose to resolve efficiently and economically disputes about inadvertent disclosure. *See* Federal Rule of Evidence 502, Adv. Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence. As set forth below, instead of undercutting Federal Defendants' motion, Plaintiffs' wholesale rejection of Federal Defendants' proposal actually illuminates why a Rule 502(d) order is both reasonable and necessary. Before presenting their arguments in reply, Federal Defendants first provide a report on the consultation with the other parties that occurred via teleconference on March 17, 2020 as directed by this Court's March 16, 2020 Order. ECF 365.

1

**I.   The District Of South Carolina's March 16, 2020 Standing Order Applies To This Case.**

Following entry of the Court's March 16, 2020 Order, the District of South Carolina entered a Standing Order later that evening.  Exhibit A.  In light of the spread of the Coronavirus Disease 2019 and the declaration of a national public health emergency, the Standing Order recognizes the Center for Disease Control and Prevention's ("CDC") recommended precautions for reducing exposure to the disease.  *Id*.  Accordingly, the Standing Order extends by 21 days all deadlines in all civil cases, whether set by court or by the Rules of Civil Procedure or Local Rules.  *Id*.  By its terms, the Standing Order applies to the March 31 deadline set by the Court in this case.  ECF 359.  As directed by the Court's March 16, 2020 Order, ECF 365, the parties consulted by telephone on March 17.  All parties agree that the District of South Carolina's Standing Order applies to extend the March 31 deadline until April 21, 2020.  Moreover, as outlined during the parties' telephone consultation, Federal Defendants are working to identify options for electronic transfer of the documents that will comprise the court-ordered supplemental administrative record to the parties in light of the CDC's direction to maintain social distancing, particularly among employees of Federal Defendants who would normally handle such a production.  Counsel for Federal Defendants will be coordinating on this subject with Federal Defendants, and then with the other parties, in the coming days.

**II.    A Rule 502(d) Order Is Both Reasonable And Necessary.**

Notwithstanding the parties' agreement regarding the impact of the District of South Carolina's Standing Order, Federal Defendants maintain their request for entry of a Rule 502(d) order.  At the outset, Plaintiffs nowhere dispute the Court's inherent authority to enter an order under Rule 502(d).  The proposed order provides that the attorney-client privilege or work product privilege is not waived by disclosure connected with the litigation pending before the

Court, in which event the disclosure is not also a waiver in any other federal or state proceeding. ECF 362 ¶ 5 (citing Fed. R. Evid. 502(d)). Such orders may be entered on a motion of one or more parties (such as the motion filed by Federal Defendants), or on the Court's own motion. *See* Federal Rule of Evidence 502, Adv. Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence. Indeed, the Sedona Conference endorses adoption of a Rule 502(d) order as a "best practice." *See* The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production A Project of the Sedona Conference Working Group on Electronic Document Retention and Production, 19 Sedona Conf. J. 1, 150 (2018); *see also* The Sedona Conference Commentary on Protection of Privileged ESI, 17 Sedona Conf. J. 95, 104 (2016) (encouraging adoption of a Rule 502(d) in every complex civil case).

   Left unable to dispute the Court's authority, Environmental Plaintiffs instead offer two reasons why the Court should not grant Federal Defendants' motion. First, they state that there is no basis for deeming all disclosures to be inadvertent, and state that Federal Defendants "should already have in place a process for screening" the documents that are being reviewed for inclusion in the court-ordered supplement to the administrative record. ECF 364 at 2-3; *see also* ECF 367 at 1. This argument, however, misses the point. *See*, *e.g*., ECF 354 at 2. The parties fundamentally disagreed about the contents of the administrative record. That disagreement was reflected in a motion that was fully briefed and resolved by the Court. ECF 347, 350, 352. As stated in Federal Defendants' Motion for Extension of Time, ECF 353, we decline to re-hash the arguments expressed in our prior briefing, and maintain our view that Federal Defendants' work to compile the administrative record was appropriate and supported by precedent. *See generally* ECF 350 (Federal Defendants' Opposition to Plaintiffs' Motion to Complete the Administrative

3

Record).  Notwithstanding Federal Defendants' work to comply with the Court's January 6, 2020 Order, the Federal Rules of Evidence allow the Court to grant the express relief sought in Federal Defendants' motion.  Such relief is particularly appropriate in this case, where it is undisputed that complying with the Court's January 6, 2020 Order entails reviewing a substantial volume of records and the proposed order will establish the parties' obligations regarding privileged documents and a process for addressing inadvertent disclosures.[1]  Indeed, at least one district court within the Fourth Circuit has entered a Rule 502(d) order over another party's objection as a safeguard against waiver, even where the requesting party was making some efforts at "due diligence" to avoid inadvertent disclosures.  *E.g*., *Good v. American Water Works Co.*, Case No. 2:14-01374, 2014 WL 5486827, at *2 (S.D. W.Va. Oct. 29, 2014).  Finally, in response to the Court's inquiry, Federal Defendants have committed additional resources to their ongoing work to comply with the Court's January 6, 2020 Order and, in the attached declaration, provide an estimate of the number of documents under review.  Exhibit B (Declaration of Adam Issenberg).

Second, Environmental Plaintiffs contend that the proposed order prejudices their anticipated motion for summary judgment.  ECF 364 at 3.  Specifically, they claim that the proposed order "would extend indefinitely the period in which the government could raise claims of privilege[,]" thereby risking a scenario in which Federal Defendants could seek to claw back an inadvertently disclosed document "[i]n the midst of Plaintiffs' summary judgment briefing." *Id*. at 3, 4.  But this complaint about the need for certainty conceivably could be made about any Rule 502(d) order.  And the proposed order demonstrates otherwise, as it would impose

---

[1]  Plaintiffs dispute that Federal Defendants' ongoing work to comply with the Courts' January 6, 2020 order is truncated or expedited.  ECF 364 at 3.  But this argument addresses only the review process and not the efficiencies achieved by establishing a process for resolving disputes regarding inadvertent disclosures.

4

obligations equally: on Federal Defendants to identify documents provided in their court-ordered supplement to the administrative record over which they wish to make a claim of privilege, and on the other parties to make notifications when they have identified a document that may be subject to another party's claim of privilege. ECF 362-1 ¶ 5. There is no basis for Plaintiffs' argument that the proposed order would allow Federal Defendants to delay an assertion of privilege until "the eve of Plaintiffs' [summary judgment] filing," ECF 364 at 4, nor is there any incentive for Federal Defendants to do so. Moreover, Plaintiffs can assist in avoiding such delays through their own compliance, because the proposed order would require Plaintiffs and Federal Defendants to notify each other should they identify such documents. Nevertheless, if Plaintiffs are concerned that the timeframe for Federal Defendants to notify the other parties that the supplement to the administrative record contained an inadvertently disclosed document is too long, then there certainly are ways to work around that issue, by either shortening the timeframe to 7 days from 14 days, or establishing a cut-off for making such claims in advance of summary judgment briefing.[2]

Environmental Plaintiffs' argument regarding potential prejudice seems to suggest their focus lies elsewhere, in that they want to avoid "unfairly hampering Plaintiffs' ability to argue in favor of waiver regardless of the circumstances." ECF 364 at 4. Through this statement, Environmental Plaintiffs indicate that they would prefer a course of action through which they would dispute that any disclosure was inadvertent, resist any efforts by Federal Defendants to claw back documents, and engage in motion practice regarding waiver. *See id*. This argument, however, underscores why a Rule 502(d) order is both necessary and appropriate: the proposed

---

[2] Plaintiffs offered no indication during the conferral process that they had any specific concern with the reasonableness of the proposed timeframes, nor did they offer anything other than general opposition to Federal Defendants' request. *See* ECF 362-1 at 2.

order will significantly reduce disputes over waiver through inadvertent disclosure. The proposed order clearly defines the parties' obligations with respect to documents that may be inadvertently disclosed and outlines a process designed to reduce disputes.[3] The path that Plaintiffs appear to prefer, on the other hand, would only serve to inject uncertainty into the process, and delay (not expedite) merits briefing, contrary to the express purpose of Rule 502.[4] *See* Federal Rule of Evidence 502, Adv. Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence. Commentators have noted that there is "inherent variability in a factor-based reasonableness standard, [such that] parties can never be completely certain that any given privilege review procedure will be reasonable." E. Buffmire, *The (Unappreciated) Multidimensional Benefits of Rule 502(d): Why and How Litigants Should Better Utilize the New Federal Rule of Evidence*, 79 Tenn. L. Rev. 141, 144 (2011-2012). Relying on Rule 502(d), however "establishes a bright line for those litigating parties who invoke its protection" and "eliminate[s] the default reasonableness analysis of subsection (b), thereby providing certainty." *Id*. at 144-45. By its own terms, the proposed order would largely

---

[3] The proposed order is not a guarantee to eliminate disputes; however, by including procedures to be followed in the event a party wishes to dispute a claim of privilege, it preserves a party's ability to do so. *See* ECF 362-1 ¶ 8.

[4] Plaintiffs also argue against the proposed order because it would "automatically" deem as inadvertent Federal Defendants' inclusion of a privileged document in the supplemental administrative record, regardless of the circumstances. ECF 364 at 2. Plaintiffs urge instead that "such circumstances are normally a factor in determining whether a disclosure is inadvertent or constitutes a waiver." *Id*. But this argument misses the point: the objective is to avoid the protracted motion practice evidenced by the cases Plaintiffs cite, in which those parties quarreled over the circumstances of the disclosure and whether or not any such disclosure was actually inadvertent, or the disclosing party took reasonable steps. *See*, *e.g*., *Adelman v. Coastal Select Ins. Co*., 2019 WL 465600, at *4 (D.S.C. Feb. 6, 2019) (considering steps taken by parties to evaluate whether disclosure was inadvertent); *Francisco v. Verizon South, Inc*., 756 F. Supp. 2d 705, 718-20 (E.D. Va. 2010) (evaluating whether defendant "accidentally include[d] a single document, known to be privileged, in a large collection of otherwise non-privileged documents). The other cases on which they rely are of little utility, as they were decided before the recent amendments to Fed. R. Evid. 502(d). *See* ECF 364 at 2.

eliminate the need to engage in reasonableness determinations, thus reducing the risk that the parties will engage in protracted litigation about side issues, rather than the merits. It is this approach, and not Plaintiffs', that will establish the "bright line" to ensure a just, speedy, and inexpensive resolution of this case. *Id*. at 144; *see* Fed. R. Civ. P. 1.

Finally, in support of their argument that the Court should not enter the proposed order, Environmental Plaintiffs state that they and their counsel "will abide by their obligations under the Federal Rules of Evidence and Civil Procedure and applicable professional ethics rules." ECF 364 at 1. This argument misses the mark. If compliance with the federal rules and ethics rules were sufficient, then Rule 502(d) would be rendered unnecessary. Yet, Rule 502(d) exists, authorizing entry of an order in the form proposed by Federal Defendants, in order to provide certainty and predictability.[5] The Municipality Plaintiffs' argument that the Court's January 6, 2020 Order only requires Federal Defendants to provide documents "containing factual information relied on or considered" in reaching its decisions at issue here and documents and information "shared or received between agencies or with non-agency third-parties that were considered," is similarly misplaced. ECF 367 at 1. The proposed order seeks to address the potential inadvertent disclosure of documents, which could occur in light of the circumstances outlined in Federal Defendants' motion, ECF 362 ¶ 3, and to protect from assertions of waiver of attorney-client and work product privilege should Federal Defendants' court-ordered supplement include a document that they never meant to disclose in the first place.

---

[5] The proposed order expressly states that it does not override any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged, and to inform the disclosing party that such materials have been produced. ECF 362-1 ¶ 10.

In light of the foregoing, Federal Defendants request that this Court grant their motion for entry of a Rule 502(d) order.

Respectfully submitted this 19th day of March, 2020.

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General
        Environment & Natural Resources Division
        SETH M. BARSKY, Chief
        MEREDITH L. FLAX, Assistant Chief

        By: /s/ Alison C. Finnegan
        ALISON C. FINNEGAN, Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: (202) 305-0500; Fax: (202) 305-0275
        Email: alison.c.finnegan@usdoj.gov

        PRERAK SHAH
        Acting Deputy Assistant Attorney General
        LISA RUSSELL, Chief
        GUILLERMO MONTERO, Assistant Chief

        /s/ Marissa A. Piropato
        MARISSA A. PIROPATO
        Sr. Trial Attorney, MA Bar No. 651630
        United States Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        Ben Franklin Station, P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: (202) 305-0470; Fax: (202) 305-0506
        Email: marissa.piropato@usdoj.gov

        *Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2020, I electronically filed the foregoing Federal Defendants' Report on Court-Ordered Consultation with the Parties and Reply in Support of Motion for Entry of a Rule 502(d) Order with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                                  /s/ Alison C. Finnegan