UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| | ) |
| WILBUR ROSS, in his official capacity as the Secretary of Commerce, et al., | ) ) ) |
| | ) |
| Defendants. | ) ) |
| | ) |

Civ. No. 2:18-cv-3326-RMG

(Consolidated with 2:18-cv-3327-RMG)

**FEDERAL DEFENDANTS' STATEMENT OF POSITION REGARDING THE DISPOSITION OF THE CASE**

Federal Defendants submit this memorandum to set forth their position regarding disposition of the case based on the developments discussed during the October 1, 2020 Status Conference.

As set forth in Federal Defendants' September 29, 2020 filing, Dkt. No. 455, the incidental harassment authorizations ("IHAs") at issue in this case expire on or before November 30, 2020; the National Marine Fisheries Service ("NMFS") has no authority to extend the terms of those IHAs upon their expiration; and NMFS has no basis for reissuing or renewing these IHAs.  Dkt. No. 455-1 (Decl. of D. Wieting ¶ 4 (Sept. 29, 2020)).  In light of the near-term expiration of the IHAs, Federal Defendants suggested that a stay of the litigation until 14 days after November 30, 2020, would be appropriate, Dkt. No. 455, and continue to have no objection to a stay.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Microfinancial, Inc. v. Premier Holidays Int'l*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons.") (citations omitted).  Alternatively, the proposal suggested by the Court during the October 1, 2020 Status Conference, to dismiss the case without

1

prejudice while allowing the parties leave to restore the case should circumstances change before

a certain date (described by the Court as a "Rubin Order"), would be equally acceptable to Federal

Defendants.  Whether this Court enters a stay or a Rubin Order, however, one issue is clear:  the

IHAs will expire, pursuant to their terms, on or before November 30, 2020, and, at that point, the

case will be moot.  The Court will no longer have jurisdiction over the claims in this case, which

challenge the soon-expiring IHAs as being arbitrary and capricious or contrary to law under the

Administrative Procedure Act.  And, given the representation of the Defendant-Intervenors during

the October 1, 2020 Status Conference, this case is prudentially moot right now.

Although Plaintiffs South Carolina Coastal Conservation League, et al. ("the

Environmental Plaintiffs") raised the potential of vacatur during the October 1, 2020 Status

Conference, they since have stated that they "will not pursue vacatur in this case."  Dkt. No. 458.

In the event that the Court is considering vacatur of the IHAs, notwithstanding the Environmental

Plaintiffs' change in position, Federal Defendants maintain that vacatur is not necessary or

appropriate in this case.  The concerns animating the Supreme Court in *A.L. Mechling Barge Lines*

*v. United States*, 368 U.S. 324 (1961), which was cited by the Environmental Plaintiffs during the

October 1, 2020 Status Conference, are not present here.  Upon their expiration, the IHAs will be

legally null:  they will no longer have any effect, they are not precedential for future IHAs, and

there will be no agency action in existence for this Court to vacate.  These facts plainly distinguish

this case from the Interstate Commerce Commission rate authorization order challenged in

*Mechling*.

Further, vacating agency actions that have been mooted and will have no continuing legal

consequences raises jurisdictional concerns under the Constitution's "case" and "controversy."

requirement.  U.S. Const. art. III § 2.  Upon the IHA's expiration, there will be no IHAs for the

Court to vacate, nor could any plaintiff show any actual or "certainly impending" threatened injury necessary for standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401, 414 n.5 (2013). In the absence of standing, the Court would no longer have jurisdiction and cannot vacate an agency action. *Already, LLC v. Nike, Inc*., 568 U.S. 85, 90 (2013) ("In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of [an Article III] case or controversy.") (citation omitted); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (A federal court lacks jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (citations omitted)).

In sum, the Court can issue the Rubin Order without the need to vacate the IHAs. At a minimum, based on Defendant-Intervenors' representation to the Court that it is operationally infeasible for them to carry out any seismic activity before the IHAs will expire, prudential concerns warrant a pause in the proceedings in this case, whether in the form of a stay or a Rubin Order. Federal Defendants defer to the Court's decision about which of these two approaches it deems more appropriate.

Respectfully submitted this 5th day of October, 2020.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

By: _ /s/ Alison C. Finnegan_____
ALISON C. FINNEGAN, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275

Email: alison.c.finnegan@usdoj.gov

LISA RUSSELL, Chief
GUILLERMO MONTERO, Assistant Chief

/s/   Kristofor R. Swanson
KRISTOFOR R. SWANSON
Senior Attorney
(Colo. Bar No. 39378)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0248; Fax: (202) 305-0506
Email: kristofor.swanson@usdoj.gov

*Counsel for Federal Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 5, 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send electronic notification of such filing

to all counsel of record.

<u>    /s/ Alison C. Finnegan    </u>